02-10-033-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00033-CR


 

 


 
 
 Samuel Well Toler, Jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE 355th District Court OF Hood COUNTY

----------

 

MEMORANDUM OPINION[1]

----------

 

A jury convicted Appellant Samuel Well
Toler, Jr. of possession of a controlled substance—heroin—over one gram but
less than four grams and assessed his punishment at seven years’ confinement
and a $5,000 fine.  The trial court
sentenced him accordingly.  The trial
court’s written judgment also includes restitution in the amount of $140.   

Toler’s court-appointed appellate
counsel has filed a motion to withdraw as counsel and a brief in support of
that motion.  Counsel’s brief and motion
meet the requirements of Anders v.
California[2]
by presenting a professional evaluation of the record demonstrating why there
are no arguable grounds for relief.  This
court afforded Toler the opportunity to file a brief on his own behalf, but he
did not do so.

As the reviewing court, we must
conduct an independent evaluation of the record to determine whether counsel is
correct in determining that the appeal is frivolous.  See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 923 (Tex.
App.—Fort Worth 1995, no pet.).  Only
then may we grant counsel’s motion to withdraw. 
See Penson
v. Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record
and counsel’s brief.  The record shows
that the trial court did not include restitution in its oral pronouncement of Toler’s
sentence at trial.  Yet the trial court=s written judgment includes restitution
in the amount of $140.

A trial court=s pronouncement of sentence is oral,
while the judgment, including the sentence assessed, is merely the written
declaration and embodiment of that oral pronouncement.  See Tex. Code Crim.
Proc. Ann. art. 42.03, ' 1(a) (Vernon Supp. 2010) (providing
that Asentence shall be pronounced in the
defendant=s presence@). 
When the oral pronouncement of sentence and the written judgment vary,
the oral pronouncement controls.  Taylor v. State, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004);
Coffey v. State, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).

          Restitution
is punishment.  Weir v. State, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009); Ex
parte Cavazos, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006) (orig.
proceeding). Therefore, it must be included in the oral pronouncement of
sentence to be valid.  Sauceda v. State, 309 S.W.3d 767, 769 (Tex.
App.—Amarillo 2010, pet. ref’d); Alexander v. State, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009,
no pet.); Brown v. State, No. 02-08-00063-CR, 2009 WL 1905231, at *2
(Tex. App.—Fort Worth July 2, 2009, no pet.) (mem. op., not designated for publication).

Because the trial court did not
include restitution in its oral pronouncement of Toler’s sentence, the court
could not assess restitution in its written judgment.  See Sauceda,
309 S.W.3d at 769; Alexander, 301 S.W.3d at 364; Brown, 2009 WL 1905231, at *2.  We therefore reform the trial court=s judgment to delete the language
regarding the payment of restitution.  See
Bray v. State, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (holding that an appellate
court has the authority to reform a judgment in an Anders appeal and to
affirm that judgment as reformed).

Except for this necessary
modification to the judgment, we agree with counsel that this appeal is wholly
frivolous and without merit; we find nothing else in the record that arguably
might support an appeal.  See Bledsoe
v. State, 178 S.W.3d 824, 827–28 (Tex. Crim. App.
2005).  Accordingly, we grant counsel=s motion to withdraw and affirm the
trial court=s judgment as modified.

 

 

PER CURIAM

 

PANEL: WALKER, MEIER, and
GABRIEL, JJ. 

 

DO NOT
PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December
23, 2010











          [1]See Tex. R.
App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct. 1396 (1967).