

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00033-CR

SAMUEL WELL TOLER, JR.                                        APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Samuel Well Toler, Jr. of possession of a controlled substance—heroin—over one gram but less than four grams and assessed his punishment at seven years' confinement and a $5,000 fine. The

---

[1]*See* Tex. R. App. P. 47.4.

trial court sentenced him accordingly.  The trial court's written judgment also includes restitution in the amount of $140.

Toler's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  This court afforded Toler the opportunity to file a brief on his own behalf, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief.  The record shows that the trial court did not include restitution in its oral pronouncement of Toler's sentence at trial.  Yet the trial court's written judgment includes restitution in the amount of $140.

---

[2]386 U.S. 738, 87 S. Ct. 1396 (1967).

2

A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. *See* Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a) (Vernon Supp. 2010) (providing that "sentence shall be pronounced in the defendant's presence"). When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998).

Restitution is punishment. *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009); *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006) (orig. proceeding). Therefore, it must be included in the oral pronouncement of sentence to be valid. *Sauceda v. State*, 309 S.W.3d 767, 769 (Tex. App.—Amarillo 2010, pet. ref'd); *Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.); *Brown v. State*, No. 02-08-00063-CR, 2009 WL 1905231, at *2 (Tex. App.—Fort Worth July 2, 2009, no pet.) (mem. op., not designated for publication).

Because the trial court did not include restitution in its oral pronouncement of Toler's sentence, the court could not assess restitution in its written judgment. *See Sauceda*, 309 S.W.3d at 769; *Alexander*, 301 S.W.3d at 364; *Brown*, 2009 WL 1905231, at *2. We therefore reform the trial court's judgment to delete the

3

language regarding the payment of restitution.  *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (holding that an appellate court has the authority to reform a judgment in an *Anders* appeal and to affirm that judgment as reformed).

Except for this necessary modification to the judgment, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing else in the record that arguably might support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.


PER CURIAM


PANEL: WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 23, 2010

4