

# NUMBER 13-11-00652-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CLARENCE JENKINS SENEGAL JR.,                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## On appeal from the 252nd District Court
## of Jefferson County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Justice Rose Vela**

Pursuant to a plea agreement, appellant, Clarence Jenkins Senegal Jr., pleaded

guilty to aggravated assault, a second-degree felony, *see* TEX. PENAL CODE ANN. §

22.02(a), (b) (West 2011), and the trial court assessed punishment at six years' deferred-adjudication community supervision, plus a $1,000 fine. At a subsequent revocation hearing, the trial court revoked appellant's community supervision, adjudicated him guilty of aggravated assault, and sentenced him to ten years' imprisonment. By nine issues, appellant challenges the trial court's assessment of court-appointed attorney's fees, probationary supervisory fees, the $1,000 fine, and restitution. We reform the judgment, and as reformed, the judgment is affirmed.[1]

## I. DISCUSSION

### A. Assessment of Court-Appointed Attorney's Fees

In issue one, appellant contends the trial court abused its discretion by ordering him to pay court-appointed attorney's fees, because it did not hold an evidentiary hearing to determine his financial ability to pay these fees. We note that assessment of attorney's fees against a criminal defendant is characterized as court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2011);[2] *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010).

#### 1. Background

On September 12, 2011, the trial court adjudicated appellant guilty of aggravated assault and then orally pronounced sentence at ten years' imprisonment. In

---

[1] This appeal was transferred from the Ninth Court of Appeals in Beaumont pursuant to a docket-equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T. CODE ANN. § 73.001 (West 2005).

[2] Article 26.05(g) provides: "If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2011).

pronouncing sentence, the trial judge did not orally order appellant to pay any costs or fees, including court-appointed attorney's fees. The written judgment adjudicating guilt assesses $3,848 as administrative fees. The appellate record includes a document entitled "REVOCATION RESTITUTION/REPARATION BALANCE SHEET" (balance sheet), which pertains to appellant's case. The balance sheet shows attorney's fees as $1,000, and it includes these fees as part of the administrative fees, which are assessed in the judgment.

### 2. Preservation of Error

Before an issue can be raised on appeal, the record must show that the complaint was made to the trial court by timely request, objection, or motion that stated the grounds for the ruling sought with sufficient specificity that the trial court was aware of the complaint, unless the specific grounds were apparent from the context. *See* TEX. R. APP. P. 33.1(a). If the circumstances in which the alleged error occurred did not provide time for an objection, then raising the error in a motion for new trial can suffice to preserve error. *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992).

Court costs are not punitive and therefore the trial court does not have to include them in the oral pronouncement of sentence as a precondition to their inclusion in its written judgment. *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). Because court costs need not be orally pronounced, the inclusion of court costs in the written judgment was not error. *Id.* Nevertheless, in the present case, the record contains no objection, motion, or other statement or pleading containing any complaint by appellant regarding the content of the written judgment, or any assertion that the trial court failed to

3

determine, by evidentiary hearing or otherwise, that appellant had the financial ability to pay the court-appointed attorney's fees. We hold appellant has failed to preserve this complaint for appellate review. Issue one is overruled.

In issues two and three, appellant contends the trial court did not have sufficient evidence to support its determination that he was financially able to pay his court-appointed attorney's fees. We agree.

### 1. Standard of Review

Sufficiency of the evidence is measured by viewing all of the record evidence in the light most favorable to the verdict. *Mayer*, 309 S.W.3d at 557; *see Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *see also Lucio v. State*, 351 S.W.3d 878, 894–95 (Tex. Crim. App. 2011). For the purpose of assessing attorney's fees, once an accused is found to be indigent, he is presumed to remain so throughout the proceedings absent proof of a material change in his circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2011).[3] Furthermore, the record must reflect some factual basis to support the determination appellant was capable of paying all or some of his attorney's fees at the time of the judgment. *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.) (stating "[t]here must be some factual basis in the record illustrating that an accused is capable of paying a legal fee levied under art. 26.05(g) of the Code of Criminal Procedure"). In instances where there is insufficient evidence or no evidence to support the assessment of court-appointed attorney's fees, the proper

---

[3] Article 26.04(p) provides: "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs. If there is a material change in financial circumstances after a determination of indigency or nonindigency is made, the defendant, the defendant's counsel, or the attorney representing the state may move for reconsideration of the determination." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2011).

remedy is to reform the judgment by deleting the attorney's fees. *See Mayer*, 309 S.W.3d at 557. No objection is required to preserve the sufficiency of the evidence regarding fees for appellate review under *Mayer*. *See id.*

### 2. Analysis

In this case, the record does not reflect any factual basis to support the determination appellant was capable of paying all or some of his attorney's fees at the time of the judgment. After viewing all of the record evidence in the light most favorable to the verdict, we hold there is no evidence to support the trial court's determination that appellant was financially able to pay all or part of his court-appointed attorney's fees. Thus, we reform the judgment by deleting $1,000 (the amount of attorney's fees specified in the balance sheet) from the administrative fees of $3,848. Issues two and three are sustained.[4]

## B. Assessment of Probationary Supervisory Fees

In issue five,[5] appellant contends the trial court abused its discretion as a matter of law by assessing probationary supervisory fees against him for time periods during which he was incarcerated. However, the record contains no objection, motion, or other statement or pleading containing any complaint by appellant that the trial court erred by ordering him to pay probationary supervisory fees during the time periods he was incarcerated. Because appellant did not object to the trial court's award of probationary supervisory fees in a motion for new trial or otherwise, we hold he has failed to preserve

---

[4] The State agrees appellant should not be ordered to pay attorney's fees without a showing by the State that his financial situation has changed to the extent he can bear that financial responsibility. The State points out that in this case there has been no such showing.

[5] Appellant states in his appellate brief that there is no issue number four.

this complaint for appellate review. *See* TEX. R. APP. P. 33.1(a)(1). Issue five is overruled.

In issue six, appellant contends the trial court erred because there is insufficient evidence to support much of the probationary supervisory fees awarded against him. Appellant, however, has cited no authority to support this contention. Appellant's failure to brief this issue constitutes a waiver of the argument. *See* TEX. R. APP. P. 38.1(i); *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000) (stating that failure to cite relevant authority waives error). Issue six is overruled.

## C. Imposition of Fine

In issue seven, appellant contends the trial court abused its discretion as a matter of law by assessing a $1,000 fine against him when there was no oral pronouncement of the fine. In issue eight, he contends the evidence is legally insufficient to sustain the $1,000 fine because the trial court did not orally pronounce the fine at the sentencing phase of the revocation hearing.

After the trial court revoked appellant's community supervision and adjudicated him guilty of aggravated assault, the court orally pronounced his sentence at ten years' imprisonment. The trial court, however, did not orally pronounce any fine. We note that on the first page of the written judgment adjudicating guilt, the space under the heading "Fine:" is left blank. On the second page, the judgment states, in relevant part, "The Court previously deferred adjudication of guilt in this case. . . . [And] [t]he Court assessed a fine of $1000.00." Continuing on the second page, the judgment states:

6

Accordingly, the Court GRANTS the State's Motion to Adjudicate the Defendant's Guilt in the above cause. FINDING the Defendant committed the offense on the date as noted above, the Court ORDERS, ADJUDGES AND DECREES that Defendant is *GUILTY of the offense*. . . .

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

The Texas Code of Criminal Procedure states that "sentence shall be pronounced in the defendant's presence." TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West Supp. 2011). Based on this statute, the court of criminal appeals has held, "A defendant's sentence must be pronounced orally in his presence. The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement. When there is conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls." *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (footnotes omitted). A fine is a form of punishment[6]; therefore, it cannot be included in the written judgment of conviction unless it was included in the oral pronouncement of sentence. *Id.* at 500–02 (holding that fine should be deleted from judgment because it was not orally pronounced when deferred adjudication was revoked).

In this case, the trial court imposed the $1,000 fine in the community-supervision order. However, at the subsequent hearing when the trial court revoked community supervision, no fine was mentioned in the oral pronouncement of sentence after the trial court adjudicated guilt. "[W]hen there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement

---

[6] *See Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009).

controls." *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). When the trial court revokes an order for deferred-adjudication community supervision, a fine that was imposed in the original plea cannot be included in the judgment adjudicating guilt unless the trial court orally pronounced the fine at the adjudication hearing. *Taylor*, 131 S.W.3d at 501-02. The trial court did not assess the fine in the oral pronouncement of sentence when guilt was adjudicated; accordingly, the inclusion of the fine in the written judgment was error. *Id.* Thus, we reform the judgment by deleting the $1,000 fine. Issues seven and eight are sustained.

## D. Assessment of Restitution

In issue nine, appellant contends that because the trial court did not orally pronounce a restitution award at the revocation hearing, the evidence is legally insufficient to support the restitution award in the written judgment. The Texas Code of Criminal Procedure states that "sentence shall be pronounced in the defendant's presence." TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a). Based on this statute, the court of criminal appeals has held, "A defendant's sentence must be pronounced orally in his presence. The judgment, including the sentence assessed, is just the written declaration and embodiment of that oral pronouncement. When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls." *Taylor*, 131 S.W.3d at 500 (footnotes omitted). Restitution is a form of punishment. *Weir*, 278 S.W.3d at 366 & n.6. Accordingly, restitution cannot be included in the written judgment of conviction unless it was included in the oral pronouncement of sentence. *See Sauceda v. State*, 309 S.W.3d 767, 769

8

(Tex. App.—Amarillo 2010, pet. ref'd); *Alexander v. State*, 301 S.W.3d 361, 363–64 (Tex. App.—Fort Worth 2009, no pet.)); *see Taylor*, 131 S.W.3d at 500–02 (holding that fine should be deleted from judgment because it was not orally pronounced when deferred adjudication was revoked).

In the present case, the trial court did not orally state the amount of restitution when it orally pronounced sentence, but the written judgment assessed $7,359.83 in restitution. Thus, we reform the judgment by deleting the $7,359.83 in restitution. Issue nine is sustained.

In issue ten, appellant contends the trial court erred because the restitution amount found in the written judgment adjudicating guilt was entered two days after the date of the entry of judgment, which exceeded the authority of the court. The written judgment adjudicating guilt, dated September 12, 2011, assesses restitution in the amount of $7,359.83. However, because appellant did not object to the assessment of restitution in the judgment, he has failed to preserve this complaint for appellate review. *See* TEX. R. APP. P. 33.1(a)(1).

Even if appellant had properly objected to the assessment of restitution in the judgment thus preserving any error, the appellate record does not show the trial judge added the restitution amount to the judgment two days after the judgment was signed. Issue ten is overruled.

## II. CONCLUSION

We reform the judgment by deleting: (1) the $7,359.83 in restitution; (2) the $1,000 fine; and (3) the $1,000 in court-appointed attorney's fees from the $3,848 in

9

administrative fees as stated in the judgment.   As reformed, the judgment is affirmed.


ROSE VELA
Justice

Do not publish.
Tᴇx. R. Aᴘᴘ. P. 47.2(b).

Delivered and filed the
19th day of April, 2012.