NO. 07-09-0208-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 5, 2010

_____

DONOVAN H. SAUCEDA,

Appellant

v.

THE STATE OF TEXAS,

APPELLANT

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-420,910; HONORABLE ABE LOPEZ, PRESIDING

_____

*Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Donovan H. Sauceda was convicted of three counts of aggravated robbery. In challenging those convictions, he contends the trial court erred in 1) requiring him to show his tattoos to the jury, 2) ordering restitution when it was not pronounced as part of the sentence, there was no evidence to support the restitution order, there was no reference to the victims' names or addresses in the restitution order, and the fees and expenses claimed were not shown to be related to the offense, and 3) assessing payment of attorney's fees without evidence that appellant has the

money to pay them and without evidence of how the fees were determined. We modify in part and, as modified, affirm the judgment.

*Issue 1 – Tattoos*

In his first issue, appellant complains of the showing of the tattoos on his legs to the jury. He argues that his right against self-incrimination was violated by that demonstration. The issue is overruled.

At the time of his objection, the trial court queried as to whether the objection was based on "Miranda, or self-incrimination questions." While counsel replied in the affirmative, he went on to explain:

> And they're doing it, in my opinion, in an effort to inflame the jury. They have pictures of these tattoos. I have seen the pictures. And assuming proper authenticity and predicate, I wouldn't have an objection to those. But to ask my client to parade in front of the . . . jury and lift his pants leg to show the tattoos isn't proper.

The explanation of the objection does not appear to argue a violation of the right against self-incrimination. However, assuming that the objection was preserved, appellant's complaint still has no merit.

It has been repeatedly held that the display of the defendant's tattoos to the jury is not a violation of the right against self-incrimination. *Garza v. State*, 213 S.W.3d 338, 347 (Tex. Crim. App. 2007); *Canales v. State*, 98 S.W.3d 690, 697 (Tex. Crim. App. 2003); *Garcia v. State*, 239 S.W.3d 862, 868 (Tex. App.–Houston [1st Dist.] 2007, pet. ref'd), cert. denied, ___ U.S. ___, 129 S.Ct. 505, 172 L.Ed.2d 371 (2008). Here, one of

2

the victims had previously testified that he observed unique tattoos (*i.e.* a name) on the legs of one of the robbers, and he described those tattoos. Because appellant's defense was an attempt to show that the victims were mistaken as to his identity, the evidence was relevant to that issue. And, that the tattoo may have been of his name matters little. It is no less an identifying marker than the color of a person's eyes, the sound of his voice, or the color of his hair. More importantly, those are things that the accused can be compelled to disclose to the jury. *Olson v. State*, 484 S.W.2d 756, 763 (Tex. Crim. App. 1969); *Whitlock v. State*, 170 Tex. Crim. 153, 338 S.W.2d 771, 723 (1960).

Next, and to the extent that appellant attempts to distinguish the situation before us by characterizing the tattoo as communication, that too is of no consequence. Body art consisting of dragons, skulls, symbols, flowers, or the like are also communicative in nature. They too convey a message of some idea, belief, or expression selected by the person wearing it. But, in each case the message is pre-existing and unlikely to incriminate in the same sense as compelling a confession. And, until the right against self-incrimination is said to insulate a defendant from showing the color of his eyes, providing a writing sample, or even displaying tattoos in general, it did not prevent the trial court from requiring appellant to raise a pant leg to show the jury the name stenciled on his leg. Simply put, the trial court did not abuse its discretion. *See Klein v. State*, 273 S.W.3d 297, 304-05 (Tex. Crim. App. 2008) (stating that the trial court's evidentiary rulings are reviewed for abuse of discretion).

3

*Issues 2-8 – Restitution Order*

Appellant next complains of the trial court's judgment which orders restitution in the amount of $1697.85. First, he notes that no order of restitution was rendered at sentencing.

When the oral pronouncement of sentence and the written judgment differ, the oral pronouncement controls. *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005); *Aguilar v. State*, 279 S.W.3d 350, 354 (Tex. App.–Austin 2007, no pet.). An order of restitution must be included in the oral pronouncement to be valid. *Alexander v. State*, 301 S.W.3d 361 (Tex. App.–Fort Worth 2009, no pet.); *Weir v. State*, 252 S.W.3d 85, 88 (Tex. App.–Austin 2008), *rev'd in part on other grounds*, 278 S.W.3d 364 (Tex. Crim. App. 2009); *but see Manning v. State*, No. 05-06-0422-CR, 2007 Tex. App. LEXIS 5733 at *3 (Tex. App.–Dallas July 20, 2007, no pet.) (not designated for publication) (holding that restitution is not part of the sentence and does not have to be orally pronounced). Indeed, restitution has been deemed to be an aspect of punishment by our Court of Criminal Appeals, *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006), and sentencing undoubtedly encompasses the measure of punishment to be levied in a particular case. So, we see no legitimate basis to exclude it from the requirement that sentence be orally pronounced in open court.

Because the trial court omitted it when it orally pronounced sentence, restitution could not be assessed in the written judgment. That being so, the proper remedy is to modify the judgment to delete the order of restitution.[1] *Alexander v. State, supra; Weir*

---

[1]The State argues that the appropriate remedy is to remand the matter to the trial court for a hearing with respect to restitution. This might be true if the only problem with the restitution order was

4

*v. State, supra.* And, our disposition of this matter precludes the necessity to address appellant's other objections with respect to restitution or rule on appellant's motion to strike from the clerk's record certain documents detailing loss or damage.

### *Issues 9 and 10 - Attorney's Fees*

Finally, appellant contends that he may not be required to pay attorney's fees without evidence he is able to pay them and without evidence of how the amount of the court-appointed fee was determined. We agree.

The trial court may order a defendant to pay court-appointed attorney's fees if it determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the services provided. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Vernon Supp. 2009). The defendant's financial resources and ability to pay are critical elements in the trial court's determination. *Mayer v. State*, No. PD-0069-09, 2010 Tex. App. LEXIS 100 at *11 (Tex. Crim. App. March 24, 2010). A review of the record shows that appellant was appointed counsel both for trial and on appeal. A defendant determined to be indigent is presumed to remain indigent for the remainder of the proceedings unless a material change in his finances occurs. *Id.* at *14-15; TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Vernon Supp. 2009). We find no evidence in the record from which the trial court could have concluded that appellant had the ability to pay his attorney's fees. Therefore, we sustain appellant's issue.

---

that there was no evidence to support the amount. *See Barton v. State,* 21 S.W.3d 287, 290 (Tex. Crim. App. 2000). However, the requirement of restitution in this instance is a provision of punishment and part of the sentence, and it must therefore be included in the pronouncement of the sentence to be included in the judgment. *Alexander v. State,* 301 S.W.3d 361 (Tex. App.–Fort Worth 2009, no pet.).

5

Accordingly, we modify the judgment to delete the portion requiring restitution and the payment of attorney's fees.  In all other respects, the judgment is affirmed.


                                        Brian Quinn
                                        Chief Justice


Publish.