NO. 07-09-0384-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                                 JULY
23, 2010

                                            ______________________________

 

                                                         JASON P. LAMASTER, 

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS, 

 

                                                                                                            Appellee

                                         _________________________________

 

                      FROM THE 140th DISTRICT
COURT OF LUBBOCK COUNTY;

 

                         NO.  2007-416094; HON. JIM BOB DARNELL, PRESIDING

                                           _______________________________

 

Memorandum Opinion

_______________________________

 

Before QUINN, C.J., and CAMPBELL and
HANCOCK, JJ.

            Jason P. Lamaster
(appellant) appeals an order adjudicating him guilty of possessing a controlled
substance with intent to deliver.  His
three issues involve the restitution and adult probation fees the trial court
ordered that he pay.  We modify the
judgment and affirm it as modified.  

 

 

Issues One and Two – Restitution

The
first two issues we address involve whether the trial court erred in ordering,
via its judgment, that appellant pay over $41,000 in restitution.  We conclude that it did because the directive
was omitted from the sentence pronounced at trial, and the State so
concedes.  See Sauceda v. State, No. 07-09-0208, 2010
WL 1286472 (Tex. App.–Amarillo April 5, 2010, no pet. h.) (holding that when the judgment directs the defendant to pay
restitution when that mandate was omitted from the sentence pronounced in open
court we redact the directive from the judgment).  Accordingly, the judgment will be modified to
remove reference to restitution.

Issue
Three – Probation Fee

Via
issue three, appellant asserts that the evidence was insufficient to support the
trial court’s mandate that he pay an “APO Fee” of $840.  We sustain the issue.   

For
purposes of this issue we assume that the “APO Fee” refers to a fee payable to
the adult probation office.  We also
assume that both refer to the “Community Supervision fee” of $60 per month that
the trial court ordered appellant to pay as a condition for having the
adjudication of his guilt deferred.[1]   Having
so assumed, we note that the probation officer who testified at the hearing on
the State’s motion to adjudicate said nothing about appellant failing to pay an
APO, adult probation office, or community supervision fee.  Indeed, he said that the “chrono”
compiled by his office indicated that the sole condition which appellant failed
to perform encompassed the duty to report. 
He further testified that such omission occurred once.  And, though the State posits that the amount
of fees incurred could be calculated from the record, it cites us to nothing of
record suggesting, in any way, that appellant neglected to pay those fees as
incurred.  Without proof that the fees
went unpaid and having already assumed too many things in this appeal, we refuse
to surmise that the fees were unpaid simply because the trial court ordered
that they be paid or because they were included in the judgment tendered to the
trial court for execution.  Accordingly,
there is legally insufficient evidence that appellant owed any “APO Fee,” adult
probation fee, or community supervision fee and, therefore, the trial court
erred in ordering that he pay same.[2]

We
modify the judgment to remove from it all reference to the payment of restitution
and an “APO Fee.”  As modified, the
judgment is affirmed.  

 

                                                                                    Brian
Quinn

                                                                                    Chief
Justice

 

 

 

 

Do not publish.

  

 

 











[1]It certainly would be helpful to a reviewing court
for the litigants and trial court to assure that abbreviations and the like
used in a judgment are defined or explained somewhere in that judgment.  





[2] To the extent that the State suggests the amount ordered
was excessive and should be reduced to $240 because appellant was only on
probation for four months, the problem remains the same.  There is no evidence of record that he failed
to pay any amount while on probation.