NO. 07-09-0384-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 23, 2010

_____

JASON P. LAMASTER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;

NO.  2007-416094; HON. JIM BOB DARNELL, PRESIDING

_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jason P. Lamaster (appellant) appeals an order adjudicating him guilty of possessing a controlled substance with intent to deliver.  His three issues involve the restitution and adult probation fees the trial court ordered that he pay.  We modify the judgment and affirm it as modified.

### *Issues One and Two – Restitution*

The first two issues we address involve whether the trial court erred in ordering, via its judgment, that appellant pay over $41,000 in restitution. We conclude that it did because the directive was omitted from the sentence pronounced at trial, and the State so concedes. *See Sauceda v. State,* No. 07-09-0208, 2010 WL 1286472 (Tex. App.–Amarillo April 5, 2010, no pet. h.) (holding that when the judgment directs the defendant to pay restitution when that mandate was omitted from the sentence pronounced in open court we redact the directive from the judgment). Accordingly, the judgment will be modified to remove reference to restitution.

### *Issue Three – Probation Fee*

Via issue three, appellant asserts that the evidence was insufficient to support the trial court's mandate that he pay an "APO Fee" of $840. We sustain the issue.

For purposes of this issue we assume that the "APO Fee" refers to a fee payable to the adult probation office. We also assume that both refer to the "Community Supervision fee" of $60 per month that the trial court ordered appellant to pay as a condition for having the adjudication of his guilt deferred.[1] Having so assumed, we note that the probation officer who testified at the hearing on the State's motion to adjudicate said nothing about appellant failing to pay an APO, adult probation office, or community supervision fee. Indeed, he said that the "chrono" compiled by his office indicated that the sole condition which appellant failed to perform encompassed the duty to report. He further testified that such omission occurred once. And, though the State posits that the amount of fees incurred could be calculated from the record, it cites

---

[1]It certainly would be helpful to a reviewing court for the litigants and trial court to assure that abbreviations and the like used in a judgment are defined or explained somewhere in that judgment.

us to nothing of record suggesting, in any way, that appellant neglected to pay those fees as incurred. Without proof that the fees went unpaid and having already assumed too many things in this appeal, we refuse to surmise that the fees were unpaid simply because the trial court ordered that they be paid or because they were included in the judgment tendered to the trial court for execution. Accordingly, there is legally insufficient evidence that appellant owed any "APO Fee," adult probation fee, or community supervision fee and, therefore, the trial court erred in ordering that he pay same.[2]

We modify the judgment to remove from it all reference to the payment of restitution and an "APO Fee." As modified, the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.

---

[2] To the extent that the State suggests the amount ordered was excessive and should be reduced to $240 because appellant was only on probation for four months, the problem remains the same. There is no evidence of record that he failed to pay any amount while on probation.