NO. 07-09-0384-CR
 
 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 JULY 23, 2010
 ______________________________

 JASON P. LAMASTER, 

 Appellant

 v.

 THE STATE OF TEXAS, 

 Appellee
 _________________________________

 FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2007-416094; HON. JIM BOB DARNELL, PRESIDING
 _______________________________
 
 Memorandum Opinion
 _______________________________
 
Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Jason P. Lamaster (appellant) appeals an order adjudicating him guilty of possessing a controlled substance with intent to deliver. His three issues involve the restitution and adult probation fees the trial court ordered that he pay. We modify the judgment and affirm it as modified. 

Issues One and Two - Restitution
The first two issues we address involve whether the trial court erred in ordering, via its judgment, that appellant pay over $41,000 in restitution. We conclude that it did because the directive was omitted from the sentence pronounced at trial, and the State so concedes. See Sauceda v. State, No. 07-09-0208, 2010 WL 1286472 (Tex. App. - Amarillo April 5, 2010, no pet. h.) (holding that when the judgment directs the defendant to pay restitution when that mandate was omitted from the sentence pronounced in open court we redact the directive from the judgment). Accordingly, the judgment will be modified to remove reference to restitution.
Issue Three - Probation Fee
Via issue three, appellant asserts that the evidence was insufficient to support the trial court's mandate that he pay an "APO Fee" of $840. We sustain the issue. 
For purposes of this issue we assume that the "APO Fee" refers to a fee payable to the adult probation office. We also assume that both refer to the "Community Supervision fee" of $60 per month that the trial court ordered appellant to pay as a condition for having the adjudication of his guilt deferred. Having so assumed, we note that the probation officer who testified at the hearing on the State's motion to adjudicate said nothing about appellant failing to pay an APO, adult probation office, or community supervision fee. Indeed, he said that the "chrono" compiled by his office indicated that the sole condition which appellant failed to perform encompassed the duty to report. He further testified that such omission occurred once. And, though the State posits that the amount of fees incurred could be calculated from the record, it cites us to nothing of record suggesting, in any way, that appellant neglected to pay those fees as incurred. Without proof that the fees went unpaid and having already assumed too many things in this appeal, we refuse to surmise that the fees were unpaid simply because the trial court ordered that they be paid or because they were included in the judgment tendered to the trial court for execution. Accordingly, there is legally insufficient evidence that appellant owed any "APO Fee," adult probation fee, or community supervision fee and, therefore, the trial court erred in ordering that he pay same.
We modify the judgment to remove from it all reference to the payment of restitution and an "APO Fee." As modified, the judgment is affirmed. 

 Brian Quinn
 Chief Justice

Do not publish.