NO. 07-10-00068-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 2, 2010

DETRICK MONTGOMERY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-423,841; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Detrick Montgomery, appeals the entry of a judgment of conviction for the offense of possession of a controlled substance (cocaine) with the intent to deliver in an amount of four grams or more but less than 200 grams. The trial court sentenced appellant to thirty years incarceration in the Institutional Division of the Texas Department of Criminal Justice. Appellant's issues do not challenge the conviction or the sentence of confinement, but rather challenge the trial court's orders that appellant pay appointed attorney's fees and restitution. We will modify the judgment and affirm.

Background

As appellant does not challenge his conviction nor his sentence of incarceration, we will limit our review of the facts and procedural history of this case to those that are relevant to the issues raised by appellant.

Immediately after the trial court pronounced appellant's sentence of incarceration in open court, it inquired about appellant's desire to appeal and his ability to pay for an attorney on appeal. Appellant stated that he could not afford to hire an attorney, and the trial court stated that it would appoint an attorney to appellant for appeal. No record evidence establishes that appellant had the ability to pay attorney's fees at the conclusion of trial. However, the judgment entered by the trial court ordered appellant to pay $1,222.50 as "prior attorney fee."

In addition, the trial court failed to address the issue of restitution during the pronouncement of appellant's sentence and no subsequent hearings were held on this matter. However, the judgment ordered appellant to pay restitution in an amount of $140.

By two issues, appellant challenges the judgment. By his first issue, appellant contends that there was no evidence that appellant had the financial resources or ability to pay for services rendered by court-appointed counsel and, therefore, the trial court's order that appellant pay $1,222.50 for "prior attorney fee" was in error and should be struck from the judgment. By his second issue, appellant contends that, in its oral pronouncement of sentence, the trial court failed to include restitution as a part of the

sentencing and, therefore, the subsequent inclusion in the judgment of an order that appellant pay $140 in restitution is invalid and must be struck from the judgment.

Repayment of Attorney's Fees

On the issue of repayment of attorney's fees,[1] article 26.05(g) of the Texas Code of Criminal Procedure provides, "[i]f the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, . . . the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay." TEX. CRIM. PROC. CODE ANN. art. 26.05(g) (Vernon Supp. 2009). The key factors in determining the propriety of ordering reimbursement of costs and fees are the defendant's financial resources and ability to pay. Mayer v. State, 309 S.W.3d 552, 556 (Tex.Crim.App. 2010). "Without evidence to demonstrate appellant's financial resources to offset the costs of the legal services, the trial court erred in ordering

---

[1] The record is confusing as to precisely how this issue arose. First, there is no order in the clerk's record appointing counsel to appellant for trial. Further, during the discussion of appellant's right to appeal at the close of punishment, appellant's trial counsel stated that appellant's "family doesn't have the funds to continue paying for an attorney in this case" (emphasis added). Thus, it appears that appellant retained trial counsel and, clearly, the trial court may not order appellant to pay attorney's fees to retained counsel as part of a criminal judgment.

However, based on the judgment's indication that the $1,222.50 was for "prior attorney fee," we will presume that appellant had been previously represented by appointed counsel prior to retaining trial counsel, and that the trial court was ordering appellant to repay those fees. We believe that this presumption is the most logical based on the sparse information contained in the record on how these fees were incurred, and appellant and the State treating the order as relating to appointed attorney's fees.

3

reimbursement of appointed attorney fees." Mayer v. State, 274 S.W.3d 898, 901 (Tex.App.—Amarillo 2008), aff'd, 309 S.W.3d at 558.

The State concedes that the trial court erred in ordering appellant to pay attorney's fees without taking evidence sufficient to allow it to determine that appellant had the ability to pay those fees. As the record includes no evidence that appellant had the ability to pay attorney's fees at the time that the trial court ordered them paid, we conclude that the evidence supporting this portion of the judgment is legally insufficient and modify the judgment to remove the order that appellant pay $1,222.50 for "prior attorney fee." See id. at 902.

Restitution

On the issue of the trial court's restitution order, "[w]hen the oral pronouncement of sentence and the written judgment differ, the oral pronouncement controls." Sauceda v. State, 309 S.W.3d 767, 769 (Tex.App.—Amarillo 2010, pet. filed). Because this Court has determined that restitution is an aspect of punishment, an order of restitution must be included in the oral pronouncement to be valid. Id. When restitution is ordered in a judgment but was not pronounced as an aspect of punishment, the proper remedy is to modify the judgment to delete the order of restitution. Id.

In the present case, the trial court's oral pronouncement of sentence made no reference to restitution, and no evidence was received that could provide a factual basis for an order of restitution. However, in the judgment, the trial court ordered appellant to pay $140 in restitution. As the oral pronouncement of sentence omitted any order of

4

restitution, the trial court could not order restitution in the judgment. Consequently, we modify the judgment to delete the order of restitution.

## Conclusion

For the foregoing reasons, we modify the judgment of the trial court to delete the orders that appellant pay $1,222.50 for "prior attorney fee" and $140 in restitution. As modified, we affirm the judgment of the trial court.

Mackey K. Hancock
Justice

Do not publish.