NO. 07-11-0264-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 13, 2012
_____


CEDRIZ ALPHONSO BERKLEY, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 27TH DISTRICT COURT OF BELL COUNTY;

NO. 66,650; HONORABLE JOE CARROLL, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Cedriz Alphonso Berkley, Jr., pled guilty in open court to aggravated assault with a deadly weapon.[1] He was sentenced to fifteen years confinement. In a single issue, Appellant asserts the trial court erred by including in its written judgment a requirement that he pay $26,383.94 in restitution when the trial court's oral sentencing pronouncement did not refer to the payment of any restitution. The State, with

---

[1]*See* Tex. Penal Code Ann. § 22.02(a)(2) (West 2011).

commendable candor, concedes the trial court erred and asks this Court to modify the judgment by deleting the order for payment of restitution.

The record reflects that, at a punishment and sentencing hearing held on May 12, 2011, the trial court pronounced that Appellant was sentenced to fifteen years confinement without any mention of restitution. The statute authorizing restitution, Tex. Code Crim. Proc. Ann. art. 42.037(a) (West Supp. 2011) provides that a trial court may order a convicted defendant to make restitution to a victim of the offense "[i]n addition to any fine imposed by law." An order to pay restitution is part of the convicted defendant's punishment. *Weir v. State*, 278 S.W.3d 364, 366 (Tex.Crim.App. 2009); Ex *parte Cavazos*, 203 S.W.3d 333, 338 (Tex.Crim.App. 2006) (original proceeding); *Cabla v. State*, 6 S.W.3d 543, 545 (Tex.Crim.App. 1999). A defendant's sentence must be pronounced in the defendant's presence. Tex. Code Crim. Proc. Ann. art. 42.03(a) (West Supp. 2011). When the oral pronouncement of sentence and the written judgment differ, the oral pronouncement controls. *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex.Crim.App. 2005). Therefore, an order of restitution must be included in the oral pronouncement of sentence to be included in the written judgment. *Lane v.* State, No. 12-11-00071-CR, 2012 Tex.App. LEXIS 3389, at *5-6 (Tex.App.--Tyler April 30, 2012, no pet.) (not designated for publication); *Sauceda v. State,* 309 S.W.3d 767, 769 (Tex.App.—Amarillo 2010, pet. ref'd); *Alexander v. State,* 301 S.W.3d 361, 364 (Tex.App.--Fort Worth 2009, no pet.). Because the trial court did not include restitution in its oral pronouncement of sentence, it could not assess restitution in its written judgment. Accordingly, we find the trial court erred and "the proper remedy is to

modify the judgment to delete the order of restitution." *Sauceda,* 309 S.W.3d at 769.

Appellant's single issue is sustained.

## Conclusion

The trial court's judgment is modified to delete the portion requiring restitution and, in all other respects, the judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.