NO. 07-10-00383-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 17, 2012

_____

MATTHEW GONZALES, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-426,025; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Presenting four issues, appellant challenges three provisions of the judgment reflecting his conviction of the offense of aggravated robbery and the resulting sentence of seventy years of imprisonment, and complains of the trial court's failure to hold a hearing on his motion for new trial. We will affirm.

Background

By a January 2010 indictment, appellant was indicted for the offense of aggravated robbery with a deadly weapon, a firearm. He plead not guilty and went to

trial before a jury, which found him guilty and, after hearing punishment evidence, assessed the sentence noted.

Appellant filed a motion for new trial, raising a claim that the verdict was affected by an outside influence improperly brought to bear on members of the jury. The motion requested that the court hold an evidentiary hearing.

Analysis

Issue One – Hearing on Motion for New Trial

In appellant's first issue, he contends the trial court erred in failing to hold a hearing on his motion for new trial. He seeks abatement of the appeal and remand of the case for a hearing on the motion. After appellant's brief was filed, a supplemental reporter's record was filed, containing the record of an evidentiary hearing on the motion for new trial, held shortly after the motion was filed. The subject of the witnesses' testimony at the hearing was the claimed outside influence discussed in appellant's motion. We agree with the State that the supplemented appellate record shows appellant received the hearing he sought, and we overrule appellant's first issue.

Issues Two, Three and Four – Restitution, Attorney's Fees and Other Court Costs

The judgment of conviction signed by the trial court orders appellant to "pay all . . . court costs, and restitution as indicated above." The first page of the judgment lists court costs of $5500 and restitution of $1360.49. An itemization appearing later in the judgment shows the $5500 court costs consists of $5100 attorney's fees and $400 in

other costs.  Appellant's three remaining issues deal with those provisions of the judgment.

In appellant's second and third issues, he challenges the provisions ordering him to pay restitution and attorney's fees.  He argues the restitution order was not orally pronounced and there was no evidence presented concerning his ability to repay the county the fees paid his court-appointed attorney.  The State concedes the orders were improper and asks us to reform the judgment by deleting each.  We agree and sustain appellant's second and third issues.

Restitution is part of the sentence and must be included in the oral pronouncement.  *Sauceda v. State*, 309 S.W.3d 767, 769 (Tex.App.—Amarillo 2010, pet. ref'd).  Because it was not, we will reform the judgment to delete the order of restitution.  *Id.*

Repayment of attorney's fees is conditioned on a defendant's ability to pay, thus making evidence in support of the repayment order necessary.  *Mayer v. State,* 309 S.W.3d 552, 554-56 (Tex.Crim.App. 2010).  From our review of the record, we agree with the parties that no evidence supports a conclusion appellant has any ability to repay attorney's fees.  To the contrary, the record contains appellant's post-trial affidavit of indigency, and the trial court's order affirming his indigence and appointing appellate counsel.  Pursuant to *Mayer,* 309 S.W.3d at 554-56, we will reform the trial court's judgment to delete the order for payment of court-appointed attorney's fees.  *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex.App.--Dallas 1991, pet. ref'd) (court has authority to reform judgment when it has information necessary to do so).

By his fourth issue, appellant contends the trial court's order that he pay court costs in the amount of $400 was improper because the record contains no indication of how this sum was determined. As we perceive appellant's contention, he essentially complains that the judgment is not supported by a bill of costs itemizing the costs totaling the $400 ordered by the court.

In *Weir v State*, 278 S.W.3d 364 (Tex.Crim.App. 2009), the Court of Criminal Appeals held that the statutory assessment of court costs against a convicted defendant is not an additional penalty for the crime committed, but a non-punitive "recoupment of the costs of judicial resources expended in connection with the trial of the case." *Id.* Thus, as the Court of Criminal Appeals held in *Armstrong*, "[c]ourt costs, as reflected in a certified bill of costs, need neither be orally pronounced nor incorporated by reference in the judgment to be effective." *Armstrong v. State*, 340 S.W.3d 759, 766-67 (Tex.Crim.App. 2011), *citing Weir*, 278 S.W.3d at 367.

Appellant does not point us to authority requiring that a bill of costs reflecting costs incurred in the trial court in criminal cases be contained in the appellate record. *Cf.* Tex. R. App. P. 34.5(a)(11) (requiring bill of costs in clerk's record in civil cases). By statute, records showing a statement of each fee or item of cost charged for a service rendered in a criminal action or proceeding are available for inspection by any person. Tex. Code Crim. Proc. Ann. art. 103.009 (West 2011). For these reasons, we overrule appellant's last issue.

4

Based on our disposition of appellant's issues, we modify the trial court's judgment to delete any requirement that appellant repay attorney's fees and any requirement that appellant pay restitution.  As modified, the judgment is affirmed.

James T. Campbell
Justice

Do not publish.