NO. 07-12-00176-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 17, 2012

RANDY SCOTT, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-429,312; HONORABLE CECIL G. PURYEAR, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Randy Scott appeals from his conviction, following his open plea of guilty, of possession of a controlled substance with intent to deliver[1] and the resulting sentence of fifty years of imprisonment. On appeal, appellant contends the trial court erred in ordering appellant to pay restitution. The State agrees, and asks us to reform the judgment to delete the order of restitution. We will do so.

---

[1] Tex. Health & Safety Code Ann. § 481.112(d) (West 2012).

Background

In addition to entering an open plea of guilty, appellant plead "true" to an enhancement paragraph alleging his prior felony conviction. The court heard punishment evidence from both the State and appellant, recessed for preparation of a presentence investigation report, and later imposed sentence.

The trial court pronounced sentence, "I'm going to sentence you to a term of 50 years in the Texas Department of Criminal Justice, Institutional Division, and order the State recover from you all costs in this prosecution expended for which execution will issue." The written judgment, however, also ordered that appellant pay restitution in the amount of $140. It is this aspect of the judgment appellant challenges on appeal.

Analysis

The Code of Criminal Procedure provides that a trial court that sentences a defendant may order the defendant to make restitution "to any victim of the offense or to the compensation to victims of crime fund established under Subchapter B, Chapter 56, to the extent that fund has paid compensation to or on behalf of the victim." Tex. Code Crim. Proc. Ann. art. 42.037(a) (West 2011).

A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. Tex. Code Crim. Proc. Ann. art. 42.01 § 1 (West 2011); *Ex parte Madding,* 70 S.W.3d 131, 135 (Tex.Crim.App. 2002). When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Thompson v.*

2

*State,* 108 S.W.3d 287, 290 (Tex.Crim.App. 2003); *Ex parte Madding,* 70 S.W.3d at 135; *Coffey v.State,* 979 S.W.2d 326, 328 (Tex.Crim App. 1998). An order of restitution, like a fine but unlike an order requiring reimbursement of court costs, is punitive. *See Weir v. State*, 278 S.W.3d 364, 366 (Tex.Crim.App. 2009) (finding order requiring convicted defendant to pay court costs is not punitive; contrasting fines and restitution). An order of restitution thus must be included in the trial court's oral pronouncement of sentence. *Sauceda v. State*, 309 S.W.3d 767, 769 (Tex.App.—Amarillo 2010, pet. ref'd); *Alexander v. State,* 301 S.W.3d 361, 364 (Tex. App.—Fort Worth 2009, no pet.). The appropriate remedy when restitution improperly has been placed in the written judgment is to modify or reform the judgment to delete the order of restitution. *Sauceda,* 309 S.W.3d at 769.

Because the restitution order contained in the written judgment was not a part of appellant's sentence as pronounced, we sustain appellant's issue and reform the judgment to delete the order requiring appellant to pay restitution.[2] We affirm the trial court's judgment as reformed.

James T. Campbell
Justice

Do not publish.

---

[2] Appellant's brief presents sub-issues also addressing the restitution order. Given our disposition of his primary issue, we do not address appellant's sub-issues. Tex. R. App. P. 47.1.

3