

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00065-CR

JOE VALDOVINOS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-12I-095, Honorable Roland D. Saul, Presiding

August 30, 2013

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Joe Valdovinos Jr., appeals his conviction for delivering more than four grams but less than 200 grams of a controlled substance, methamphetamine, and the resulting fifteen-year sentence.[1]  On appeal, he contends that, because the trial court did not orally pronounce imposition of an order to pay restitution, imposition of such in the written judgment is improper.  He also contends that the trial court's written

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2010).

judgment improperly assesses court-appointed attorney's fees against him. We will modify the trial court's written judgment and affirm the judgment as modified.

## Factual and Procedural History

In September 2012, appellant was indicted for delivery of a controlled substance in an amount of four grams or more but less than two hundred grams. On February 11, 2013, appellant waived his right to a jury trial and entered his open plea of guilty in the trial court. After hearing the evidence, the trial court found appellant guilty and assessed punishment at fifteen years' imprisonment. The trial court did not orally pronounce that appellant was ordered to pay restitution. Nor did the trial court make any findings that appellant had the financial resources to offset in part or in whole the costs of the legal services provided to him. The trial court's written judgment, nonetheless, orders that appellant pay $640.00 in restitution and $650.00 in court-appointed attorney's fees.

## Analysis

<u>Restitution</u>

Appellant complains that the trial court's oral pronouncement of sentence did not include an order that he pay restitution. The State concedes as much, admitting that, when the trial court orally pronounced sentence against appellant, there was no reference to restitution. After examining the record and the relevant law, we conclude that appellant's contention and the State's concession are well-taken.

Indeed, when the oral pronouncement of sentence and the written judgment differ, the oral pronouncement controls. Ex parte Huskins, 176 S.W.3d 818, 820 (Tex.Crim.App. 2005) (en banc); Sauceda v. State, 309 S.W.3d 767, 769 (Tex.App.—Amarillo 2010, pet. ref'd). More specifically, "[a]n order of restitution must be included in the oral pronouncement to be valid." Sauceda, 309 S.W.3d at 769 (citing, *inter alia*, Ex parte Cavazos, 203 S.W.3d 333, 338 (Tex.Crim.App. 2006)). When the trial court's oral pronouncement of punishment does not include imposition of restitution and the written order does, "the proper remedy is to modify the judgment to delete the order of restitution." Id. We will, therefore, sustain appellant's first point of error and will delete the order of restitution from the written judgment of conviction.

Attorney's Fees

Appellant also complains that the trial court's written judgment orders him to pay $650.00 in appointed attorney's fees despite the fact that the trial court did not make the requisite findings that he had the financial resources to offset those legal expenses. The State concedes that "no evidence was offered regarding appellant's financial ability to offset the cost of his court-appointed attorney's fees." We have examined the record and found the State's concession to be accurate; the State offered no evidence of appellant's financial resources, and the trial court made no finding as to appellant's ability to offset some or part of the cost of his court-appointed attorney, a finding required before the trial court may order that a defendant repay appointed attorney's fees. See TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012).

3

A defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees, and, absent evidence of such, an order to pay appointed attorney's fees is improper. See Mayer v. State, 309 S.W.3d 552, 556–57 (Tex.Crim.App. 2010). In such case, the proper remedy is to delete the trial court's order to pay appointed attorney's fees. See id. at 557. Accordingly, we will sustain appellant's second point of error and, in doing so, will delete from the trial court's written judgment the order that appellant pay $650.00 in court-appointed attorney's fees.

## Conclusion

Because the trial court did not orally pronounce that appellant must pay restitution, we delete from the trial court's written judgment the order that appellant pay $640.00 in restitution. Because the trial court did not make the requisite finding regarding appellant's ability to offset the cost of his court-appointed attorney, we also delete from the written judgment the assessment of attorney's fees against appellant in the amount of $650.00. We affirm the trial court's judgment as so modified. See Tex. R. App. P. 43.2(b).

Mackey K. Hancock
Justice

Do not publish.