In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO.  09-13-00489-CR
_____

JAMES LEE WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
Jefferson County, Texas
Trial Cause No. 11-13092

## MEMORANDUM OPINION

In his appeal from the revocation of an order placing him on deferred adjudication community supervision, James Lee Williams challenges the trial court's judgment because it includes a provision requiring that he pay restitution to the victim. According to Williams, the trial court did not impose a restitution requirement when it pronounced his sentence; he concludes that because the requirement was not imposed when the trial court pronounced his sentence, the trial court erred by including it in the written judgment. The State agrees; it suggests that we reform the written judgment. We agree the judgment should be

1

conformed to the sentence that the trial court orally pronounced, and we reform the judgment by deleting the language requiring Williams to pay restitution to the victim.

The record shows that during the revocation hearing, Williams pled "true" to violating several conditions of the trial court's community supervision order. At the conclusion of the hearing, the trial court revoked its order, found Williams guilty of aggravated robbery, and sentenced Williams to life in prison. The record further shows that the trial court did not orally pronounce any requirement obligating Williams to pay restitution to the victim of his crime. However, the trial court's written judgment includes a provision requiring Williams to pay $6,000 in restitution.

A trial court is required to orally pronounce a defendant's sentence; the judgment is merely the written declaration and embodiment of that oral pronouncement. Tex. Code. Crim. Proc. Ann. art. 42.01 § 1 (West Supp. 2014); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). When the record of the proceedings reflects that the oral pronouncement and written judgment differ, the oral pronouncement controls. *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005). The Court of Criminal Appeals has held that restitution is a punishment that is required to be orally pronounced at sentencing, and without having been orally pronounced, restitution cannot be imposed on the defendant in

the written judgment. *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006). To be valid, the restitution requirement must be included when the trial court orally pronounces the defendant's sentence. *Saucedo v. State*, 309 S.W.3d 767, 769 (Tex. App.—Amarillo 2010, pet. ref'd); *Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort Worth, 2009, no pet.). When a restitution order is included in the written judgment but it was not orally pronounced at sentencing, the proper remedy is to modify or reform the judgment to delete the order requiring restitution. *Saucedo*, 309 S.W.3d at 769.

Although the record shows that the trial court attempted to correct its error by entering a judgment nunc pro tunc, it no longer had jurisdiction to act in the case when it did so. Rule 23.1 of the Texas Rules of Appellate Procedure vests a trial court with the authority to correct clerical mistakes or errors in a judgment through entry of a judgment nunc pro tunc unless the defendant has appealed. Tex. R. App. P. 23.1. Additionally, Rule 25.2(g) of the Rules of Appellate Procedure states that, "[o]nce the record has been filed in the appellate court, all further proceedings in the trial court—except as provided by law or by these rules—will be suspended until the trial court receives the appellate-court mandate." Tex. R. App. P. 25.2(g). Because the restitution order was not orally pronounced at sentencing, we sustain Williams's issues on appeal. We reform the judgment to delete the restitution order.

3

Accordingly, in Cause Number 11-13092, on page one of the judgment, under "Restitution[,]" we delete "$6000.00[.]" Also on page one, under "Restitution Payable to[,]" we delete the "X" in the "VICTIM" box and under "(see below)" we delete the victim's name and address. On page two of the judgment under the heading "Punishment Options[,]" we amend the language requiring the defendant to pay "any remaining unpaid fines, court costs, and restitution" to read: "Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines and court costs as ordered by the Court above." As modified, the trial court's judgment is affirmed.

AFFIRMED AS MODIFIED.

_____
HOLLIS HORTON
Justice

Submitted on July 22, 2014
Opinion Delivered October 22, 2014
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

4