

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00400-CR

CHRIS L. VASQUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2008-420,480, Honorable Jim Bob Darnell, Presiding

February 20, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Through three issues, appellant Chris L. Vasquez challenges the portion of his sentence requiring payment of restitution.[1] We will modify the trial court's judgment to delete the order of restitution and as modified, affirm.

---

[1] Appellant's original direct appeal of his conviction was filed in 2010. The motion to withdraw filed by his appellate counsel, supported by an *Anders* brief, was granted and the judgment of the trial court affirmed. *Vasquez v. State,* No. 07-10-00325-CR, 2011 Tex. App. LEXIS 5179 (Tex. App.—Amarillo 2011, pet. refused) (mem. op., not designated for publication). Appellant sought a writ of habeas corpus for an out of time appeal. He complained of the trial court's inclusion in the judgment of a

Background

Because appellant limits his challenge to a part of the sentence, we recite only those facts necessary for our disposition. Appellant entered an open plea of guilty to the charge of burglary of a habitation. He also plead true to one enhancement paragraph alleging a prior final conviction for burglary of a habitation. Punishment was tried to the bench. In open court, in appellant's presence, the trial court pronounced appellant's sentence of 45 years in the Texas Department of Corrections. The sentence pronounced did not include an order of restitution. Nonetheless, in its written judgment, the court ordered appellant to pay restitution of $4,546.16 to an unspecified "agency/agent."

Analysis

A trial court orally pronounces sentence in the defendant's presence while its judgment is the written declaration and embodiment of the oral pronouncement. *Alexander v. State,* 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.); TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1; art. 42.03, § 1 (West Supp. 2014). If the oral pronouncement of sentence and the written judgment conflict, the oral pronouncement controls. *Taylor v. State,* 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Sauceda v. State,* 309 S.W.3d 767, 769 (Tex. App.—Amarillo 2010, pet. refused). "The rationale for this rule is that the imposition of sentence is the crucial moment when all of the parties

_____

restitution order when none was pronounced with his sentence. The trial court found appellant received ineffective assistance of appellate counsel and the Court of Criminal Appeals reset the clock for appellant's direct appeal. *Ex parte Vasquez,* No. WR-79,596-01, 2013 Tex. Crim. App. Unpub. LEXIS 1147 (Tex. Crim. App. Oct. 30, 2013). The present appeal followed.

are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence. Once he leaves the courtroom, the defendant begins serving the sentence imposed." *Ex parte Madding,* 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). The appropriate remedy when an order of restitution is improperly included in the written judgment is to modify the judgment by deleting the order of restitution. *Sauceda,* 309 S.W.3d at 769; *Montgomery v. State,* No. 07-10-00068-CR, 2010 Tex. App. LEXIS 7331, at *5 (Tex. App.—Amarillo Sept. 2, 2010, no pet.) (mem. op., not designated for publication).

In the present matter, because the trial court did not include an order of restitution in its oral pronouncement of sentence, it was not empowered to order restitution through the judgment. The State agrees that the restitution order was improperly included in the judgment and should be deleted. We therefore modify the judgment by deleting the restitution order.

### Conclusion

The trial court's judgment is modified by deleting the order that appellant pay restitution of $4,546.16. As modified, the judgment is affirmed.

James T. Campbell
Justice

Do not publish.