

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00319-CR

GILBERT MANUEL AGUERO III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-14C038, Honorable Roland D. Saul, Presiding

March 11, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Gilbert Manuel Aguero III, appellant, appeals the trial court's judgment by which the court revoked his ten-year community supervision for a 2014 conviction for burglary of a habitation and sentenced him to nine years' imprisonment.

Appointed counsel filed a motion to withdraw and an *Anders*[1] brief in the cause. Through those documents, counsel certified that, after he diligently searched the record, the appeal was without merit. Accompanying the brief and motion is a copy of a letter

---

[1] *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

informing appellant of counsel's belief that there was no reversible error and of appellant's right to file a response, pro se. So too did the letter indicate that a digital copy of the appellate record was provided to appellant. By letter dated February 1, 2019, this Court also notified appellant of his right to file his own response by March 4, 2019. To date, appellant has not filed a pro se response.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal, which included the proprietary of a unitary proceeding upon appellant's plea of true, the effectiveness of counsel, and the viability of any argument concerning the severity of the punishment imposed. Counsel provided analysis and authority to support his conclusion that none of those areas present an arguable issue for appeal. In addition, we conducted our own review of the record to assess the accuracy of counsel's conclusions and to uncover any arguable error pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008), and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991) (en banc). That review led us to agree with counsel's assessment, except in two respects.

First, the trial court's judgment revoking supervision discloses that appellant was ordered to pay "Restitution" in the amount of $50.00. However, in orally pronouncing sentence after adjudicating guilt and convicting appellant, the trial court made no pronouncement as to restitution. This is problematic since restitution is a form of punishment, the assessment of which must be announced in open court when the defendant is sentenced. *See Ortiz v. State*, No. 07-18-00283-CR, 2018 Tex. App. LEXIS 9590, at *3 (Tex. App.—Amarillo Nov. 26, 2018, no pet.) (mem. op., not designated for publication); *Sauceda v. State*, 309 S.W.3d 767, 769–70 (Tex. App.—Amarillo 2010, pet.

ref'd).  If it is not so announced, the defendant is entitled to have the restitution order deleted from the judgment.  *Burt v. State*, 445 S.W.3d 752, 760 (Tex. Crim. App. 2014) (so recognizing).  Because the trial court did not orally direct appellant to pay restitution as part of his punishment, restitution cannot be assessed via the written judgment.

Second, and through its judgment, the trial court assessed a fine of $1,500 and designated court costs as $589.  One the same day, it executed an "Order to Withdraw Funds" providing that appellant

> has of this date been assessed court costs, fees and/or fines and/or restitution in the 222nd Judicial District Court of Deaf Smith County, Texas, in the above entitled cause in accordance with the sentence imposed as reflected in the judgment to which this Order is attached.  The Court finds that the offender is unable to pay the court costs, fees and/or fines and/or restitution on this date and that the funds should be withdrawn from the offender's Inmate Account.  Court costs, fees and/or fines and/or restitution have been incurred in the amount of $3339.

From the order's tenor, we see that the $3,339 sum is comprised of court costs, fines, and restitution.  Subtracting $50 in restitution since its assessment was not orally pronounced leaves us with the sum of $3,289.  Yet, the fine and court costs specified in the judgment equal $2,089.  Given the $1,200 difference, the "Order to Withdraw Funds" executed on August 21, 2018, necessitates modification to accurately reflect the amount of fine and court costs due from appellant per the trial court's judgment.[2]

Consequently, we modify the trial court's judgment to delete reference to the payment of $50.00 in restitution.  TEX. R. APP. P. 43.2(b).  The judgment is affirmed as modified.  We also modify the "Order to Withdraw Funds" to reflect that the fine and court

---

[2] We note also that the trial court made the following orders: 1) "[T]he Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution *as ordered by the Court above*" and 2) "The Court further ORDERS Defendant to pay all fines, court costs, and restitution *as indicated above.*" (Emphasis added).  Again, in that same judgment, the trial court designated court costs as $589 and assessed a $1,500 fine.

costs payable by appellant equal $2,089; as modified, that order is affirmed. Further, we order the trial court clerk to recalculate appellant's bill of costs less $1,200 in attorney's fees and $50 in restitution, enter an amended bill of costs and an amended withdrawal notification in accordance with this opinion, deliver the amended notification to the Texas Department of Criminal Justice, and forward copies of the amended bill of costs and amended withdrawal notification to appellant. *See Carbajal v. State*, No. 07-14-00323-CR, 2015 Tex. App. LEXIS 3458, at *3–4 (Tex. App.—Amarillo Apr. 8, 2015, no pet.) (mem. op., not designated for publication). Finally, we grant the pending motion to withdraw.[3]

Brian Quinn
Chief Justice

Do not publish.

---

[3] Appellant has the right to file a petition for discretionary review with the Texas Court of Criminal Appeals.