

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00444-CR

---

LYDIA LUCERO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 30771C, Honorable Ana Estevez, Presiding

---

June 27, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Pursuant to an open plea of guilty, Appellant, Lydia Lucero, was convicted by the trial court of arson and sentenced to twelve years' confinement.[1]  Restitution of $5,000 was assessed against her.  Presenting two issues, she questions whether the trial court abused its discretion by failing to conduct an on-the-record inquiry on her ability to pay court costs and fees as required by article 42.15 of the Texas Code of Criminal Procedure

---

[1] TEX. PENAL CODE ANN. § 28.02(a)(2)(F).

and asserts the judgment should be reformed to correct the statute under which she was charged as well as the provision related to a plea bargain.[2] We affirm, as modified.

## BACKGROUND

Appellant does not challenge her conviction. Thus, only the facts necessary to resolve the issues presented will be addressed.

The trial court did not hold an on-the-record inquiry on Appellant's ability to pay costs. Neither was there a waiver by Appellant to have such an inquiry. The clerk's record, however, contains a document entitled *Indigency Findings and Orders* in which the trial court made the following findings:

> The defendant does not presently have sufficient resources or income to immediately pay all or part of the fine and costs but will, in the future, have the ability to pay the fine and costs at a later date or at designated intervals.
>
> The defendant shall pay all of the fine and costs to District Clerk/County Clerk or its designee upon release on parole or completion of his/her sentence. If the defendant is unable to pay all of the fines and costs upon release, the defendant shall, upon release, appear before the District Clerk/County Clerk or its designee and make arrangements to pay the fine and costs at designated intervals.

During sentencing, the trial court announced it was ordering restitution in the amount of $5,000 but acknowledged to Appellant, "I know there is no way you could possibly pay all the restitution."[3]

---

[2] By letter the State advised this Court it was waiving the filing of an Appellee's brief.

[3] The punishment evidence showed Appellant caused hundreds of thousands of dollars in damage to an apartment complex.

Article 42.15(a-1) regarding fines and costs, amended in 2021,[4] provides as follows:

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court . . . a court shall inquire *on the record* whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs. If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be: (1) subject to Subsection (c), required to be paid at some later date or in a specified portion at designated intervals; (2) discharged by performing community service . . . (3) waived in full or in part under Article 43.091 or 45.0491; or (4) satisfied through any combination of methods under Subdivisions (1) – (3).

TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1) (Emphasis added). Section 42.15(a-2), added in 2023,[5] provides that a defendant may waive the on-the-record inquiry.

**ISSUE ONE—ARTICLE 42.15**

Appellant contends the trial court abused its discretion by failing to conduct an on-the-record inquiry on her ability to pay court costs and fees. We disagree.

When Appellant filed her original brief, she did not have the benefit of this Court's opinion in *Luna v. State*, Nos. 07-23-00139-CR, 07-23-00140-CR, 2024 Tex. App. LEXIS 3823 (Tex. App.—Amarillo June 3, 2024, no pet. h.) (mem. op., not designated for

---

[4] *See* Act of May 8, 2021, 87th Leg., R.S., ch. 106, § 1, 2021 TEX. GEN. LAWS 202 (adding "on the record" language).

[5] *See* Act of May 28, 2023, 88th Leg., R.S., ch. 861, § 12.005, 2023 TEX. GEN. LAWS 2672, 2720.

publication).[6] *Luna* explained the rationale for this Court's reliance on *Stanberry v. State*, No. 07-23-00194-CR, 2024 Tex. App. LEXIS 1066, at *6 (Tex. App.—Amarillo Feb. 9, 2024, no pet. h.) (mem. op., not designated for publication), which held that a trial court's determination that a defendant is not required to immediately pay costs but may do so *at some later date* satisfies the directive in article 42.15(a-1) making a remand for an on-the-record inquiry a waste of judicial resources. *Luna*, 2024 Tex. App. LEXIS 3823, at *5–6.

As in *Luna*, Appellant presents "well-reasoned" arguments critical of *Stanberry* and its progeny based on the legislative history and intent of article 42.15(a-1). *See id. See also Sparks v. State*, No. 07-23-00215-CR, 2024 Tex. App. LEXIS 2574, at *7 (Tex. App.—Amarillo April 12, 2024, no pet. h.) (mem. op., not designated for publication); *Mayo v. State*, ___ S.W.3d ___, No. 07-23-00243-CR, 2024 Tex. App. LEXIS 2396, at *3 (Tex. App.—Amarillo April 4, 2024, pet. filed) (op. on reh'g). Appellant also critiques *Stanberry's* reliance on *Sloan v. State*, 676 S.W.3d 240, 242 (Tex. App.—Tyler 2023, no pet.), which Appellant describes as a "deeply flawed" decision used to excuse compliance with the statute.

As this Court defended its position in *Luna* based on the doctrine of horizontal stare decisis, we once again conclude the trial court's finding that Appellant did not presently have sufficient resources to immediately pay costs *but will in the future* satisfied the directive in article 42.15(a-1). Issue one is overruled.

---

[6] A *Motion for Rehearing and En Banc Reconsideration* is pending.

**ISSUE TWO—ERRORS IN THE JUDGMENT**

Appellant points out that the summary portion of the judgment incorrectly provides the statute for offense under which Appellant was charged and convicted. The summary portion also includes a reference to a non-existent plea bargain. The *Plea Memorandum* unequivocally shows the parties did not enter into a plea agreement and supports Appellant's request to reform the judgment.

This Court has the power to modify a trial court's judgment to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529–30. Thus, we modify the summary portion of the trial court's judgment to reflect "§ 28.02(a)(2)(F)" under Statute for Offense.

We further reform the judgment to delete from the summary portion under Terms of Plea Bargain the language "12 YEARS IN THE INSTITUTIONAL DIVISION, TDCJ AND $5,000 IN RESTITUTION."

Additionally, when the oral pronouncement of sentence and the written judgment differ, the oral pronouncement controls. *Sauceda v. State*, 309 S.W.3d 767, 769 (Tex. App.—Amarillo 2010, pet. ref'd) (citing *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex.

5

Crim. App. 2005)). The trial court orally pronounced $5,000 in restitution during sentencing. Thus, although not raised, we reform the summary portion of the judgment to include "$5,000" under the heading "Restitution."

The trial court is ordered to prepare and file a corrected judgment reflecting the reformations, and the trial court clerk is ordered to provide a copy of that judgment to this Court, Appellant, and to the Texas Department of Criminal Justice.

## CONCLUSION

As modified, the trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.