

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00037-CR

_____

ALEIA JOY SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-2024F-073, Honorable Roland Saul, Presiding

June 24, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

After pleading guilty to possessing a controlled substance in a drug-free zone and an enhancement paragraph, Appellant, Aleia Joy Smith, was sentenced to confinement in prison for 10 years. In two issues, Appellant challenges the order to repay $180 in restitution and $800 in court-appointed attorney's fees. We modify the judgment and bill of costs, deleting the restitution obligation, and affirm the judgment as modified.

## BACKGROUND

Appellant was indicted for possession of a controlled substance, specifically methamphetamine, in an amount of one gram or more but less than four grams. The indictment further alleged this offense was committed in a drug-free zone and that Appellant had a prior felony conviction for possession of a controlled substance.

Appellant pleaded guilty to the charged offense, stipulated to the drug-free zone allegation, and entered a plea of true to the enhancement paragraph. As a part of her guilty plea, Appellant executed a written waiver of rights, which included a waiver of an indigency hearing regarding fees, fines, and court costs—including attorney's fees, probation fees, and other fees.

The trial court sentenced Appellant to 10 years in prison. The court signed a judgment assessing restitution of $180 to the Texas Department of Public Safety and requiring payment of fines and court costs. The clerk's bill of costs contained entries for restitution ($180.00) and attorney's fees ($800.00). The trial court's oral pronouncement of Appellant's sentence did not include payment of restitution or repayment of attorney's fees.

## ANALYSIS

Through her first issue, Appellant contends the trial court erred by imposing a restitution order in the written judgment when it did not orally pronounce a restitution order at sentencing. The State concedes error.

2

Restitution is punitive in nature and must be included in the oral pronouncement of a sentence. *See Weir v. State,* 278 S.W.3d 364, 366–67 (Tex. Crim. App. 2009). When the oral pronouncement of the sentence and the written judgment differ, the oral pronouncement controls. *Ex parte Huskins,* 176 S.W.3d 818, 820 (Tex. Crim. App. 2005) (en banc); *Sauceda v. State,* 309 S.W.3d 767, 769 (Tex. App.—Amarillo 2010, pet. ref'd). Specifically, "[a]n order of restitution must be included in the oral pronouncement to be valid." *Sauceda,* 309 S.W.3d at 769. When the trial court's oral pronouncement of punishment does not include imposition of restitution and the written judgment does, "the proper remedy is to modify the judgment to delete the order of restitution." *Id.*

We sustain Appellant's first issue and modify the judgment and bill of costs by deleting the restitution order and amount as a court cost. *See Valdovinos v. State,* No. 07-13-00065-CR, 2013 Tex. App. LEXIS 11268, at *2–3 (Tex. App.—Amarillo Aug. 30, 2013, no pet.) (mem. op., not designated for publication). Because the modified judgment does not assess restitution, no money designated as restitution may be withheld from Appellant's inmate account under the December 11, 2024, "Order to Withdraw Funds."

In her second issue, Appellant argues the trial court erred by ordering repayment of court-appointed attorney's fees when it did not orally pronounce that obligation at sentencing. However, unlike restitution, "attorneys' fees are not punitive, are not part of the sentence, and, therefore, need not be pronounced orally in order to be included in the written judgment." *Jackson v. State,* Nos. 03-16-00341-CR, 03-16-00342-CR, 2017 Tex. App. LEXIS 1468, at *5 n.2 (Tex. App.—Austin Feb. 23, 2017, no pet.) (mem. op., not designated for publication) (cleaned up). Additionally, as part of her guilty plea, Appellant expressly waived her right to an indigency hearing on fees, fines, and court costs—

3

including attorney's fees, probation fees, and other fees. This language can only mean that Appellant waived an indigency hearing and agreed to the assessment of attorney's fees.

Appellant's second issue is overruled.

## CONCLUSION

Having modified the judgment and bill of costs to delete Appellant's obligation to pay restitution in the amount of $180, we affirm the judgment of the trial court as modified.

Lawrence M. Doss
Justice

Do not publish.

Quinn, C.J., concurring in the result.