**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00561-CR**
_____

**ERIC JOSEPH SCOTT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 10-09702**

## MEMORANDUM OPINION

Pursuant to a plea bargain agreement, appellant Eric Joseph Scott pled guilty to burglary of a habitation, a second degree felony. *See* Tex. Penal Code Ann. § 30.02(a)(1), (c)(2) (West 2011). The trial court found the evidence sufficient to find Scott guilty of burglary of a habitation, but deferred further proceedings, placed Scott on community supervision for seven years, and ordered Scott to pay a fine of $750. Thereafter, the State filed a motion to revoke Scott's unadjudicated community supervision. During the revocation hearing, Scott pled "true" to five violations of the conditions of his community supervision. The trial court found

1

the evidence sufficient to establish that Scott violated the conditions of his community supervision, revoked his community supervision, found him guilty of the offense of burglary of a habitation, and sentenced him to twelve years in prison. Scott timely filed a notice of appeal.

Scott's appellate counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel's brief presents his professional evaluation of the record and concludes there are no arguable grounds to be advanced in this appeal. Counsel provided Scott with a copy of this brief. We granted an extension of time for Scott to file a pro se brief. In response, Scott filed a hand-written letter raising one appellate issue and a motion requesting appointment of new appellate counsel.

The Court of Criminal Appeals has held that we need not address the merits of issues raised in *Anders* briefs or pro se responses. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We may determine either: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error"; or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* We have carefully reviewed the clerk's record and the reporter's record in this appeal, and we agree with counsel's conclusion that no arguable issues support the appeal.

We note, however, that the record reflects that after the trial court adjudicated Scott's guilt, it did not include a restitution award in its oral pronouncement of Scott's sentence. The trial court's written judgment adjudicating Scott's guilt, however, includes a restitution award in the amount of $2,216. Restitution is considered to be an aspect of punishment and is part of the defendant's sentence. *Sauceda v. State*, 309 S.W.3d 767, 769 (Tex. App.—Amarillo 2010, pet. ref'd); *see Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006). It is well-established that a trial court must orally pronounce a defendant's sentence in the defendant's presence. *See* Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a) (West Supp. 2013); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). The judgment, including the sentence assessed, is merely the written declaration and embodiment of the trial court's oral pronouncement. *See Taylor*, 131 S.W.3d at 500. When there is a conflict between the oral pronouncement of the sentence and the written judgment, the oral pronouncement controls. *Id.* The State concedes error and clarifies that such was only a clerical error to include that amount as restitution, instead of administrative fees. Because the trial court did not orally pronounce the restitution award when it sentenced Scott, the clerk erred by including a restitution award in the final written judgment. *See id*. at 502; *see also Alexander v. State*, 301 S.W.3d 361, 364 (Tex. App.—Fort

Worth 2009, no pet.). Therefore, we modify the trial court's written judgment to delete the restitution award of $2,216.

After reviewing the appellate record, the *Anders* brief, and Scott's pro se filings, we find no other arguable grounds for appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief Scott's appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the judgment of the trial court as modified.[1]

AFFIRMED AS MODIFIED.

_____
CHARLES KREGER
Justice

Submitted on July 11, 2014
Opinion Delivered September 3, 2014
Do not publish

Before Kreger, Horton, and Johnson, JJ.

---

[1] Scott may challenge our decision by filing a petition for discretionary review. *See* Tex. R. App. P. 68.