**Opinion filed May 25, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00109-CR

_____

## CANUTO JASON TARANGO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-45,242**

### M E M O R A N D U M   O P I N I O N

The jury convicted Canuto Jason Tarango[1] of the offense of delivery of more than four ounces but less than five pounds of marihuana. The jury assessed his punishment at confinement for two years in a state jail facility. The imposition of the sentence was suspended, and Appellant was placed on community supervision for a term of five years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(a)(1)

---

[1]We note that the indictment shows Appellant's name to be Canuto Jason Tarango but that the judgment shows his name to be Caneto Jason Tarango.

(West Supp. 2016) (providing for mandatory suspension of sentence for certain state jail felonies). We modify the trial court's judgment to delete the restitution, and we dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that she has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, a copy of the clerk's record, and a copy of the reporter's record. Counsel also advised Appellant of his right to review the record and file a pro se response to counsel's brief. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Appellant has filed a pro se response to counsel's brief. In his response, Appellant makes various assertions, including jury tampering, ineffective assistance of counsel, and the infringement of Appellant's religious freedom.

In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree

that the appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409.

We note, however, that the judgment contains a nonreversible error. In the judgment, the trial court ordered Appellant to pay "Restitution" of $180 to the Texas Department of Public Safety. The trial court did not pronounce any restitution in open court. Restitution is punishment. *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009). Therefore, to be valid, it must be included in the oral pronouncement of sentence. *Wells v. State*, No. 12-11-00327-CR, 2012 WL 4107321, at *2 (Tex. App.—Tyler Sept. 19, 2012, no pet.) (mem. op., not designated for publication); *Sauceda v. State*, 309 S.W.3d 767, 769 (Tex. App.—Amarillo 2010, pet. ref'd). Because the restitution was not orally pronounced during Appellant's sentencing or awarded to a crime victim or a crime victim's compensation fund and because no evidence supports such restitution, it should be deleted from the judgment. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (stating that, when there is a conflict between written judgment and oral pronouncement, the oral pronouncement controls); *Milligan v. State*, No. 02-16-00035-CR, 2016 WL 6123643, at *1–2 & n.2 (Tex. App.—Fort Worth Oct. 20, 2016, no pet.) (mem. op., not designated for publication) (deleting from judgment $180 in lab-related restitution payable to the Texas Department of Public Safety); *Cain v. State*, No. 12-13-00178-CR, 2014 WL 2978159, at *1 (Tex. App.—Tyler June 30, 2014, no pet.) (mem. op., not designated for publication) (deleting $140 DPS lab fee from judgment for lack of evidence to support fee); *Wells*, 2012 WL 4107321, at *2 (deleting DPS lab fee from judgment because it was not included in oral pronouncement of defendant's sentence). Accordingly, we modify the trial court's judgment to delete the restitution.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal

Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The judgment of the trial court is modified to delete the restitution of $180; the motion to withdraw is granted; and the appeal is dismissed.

PER CURIAM

May 25, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4