**Opinion filed March 8, 2018**



### In The

# Eltbenth Court of Appeals

_____

## No. 11-17-00011-CR

_____

## KASEY CRAIG MELTON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 9321**

### M E M O R A N D U M   O P I N I O N

Appellant pleaded guilty to one count of the second-degree felony offense of sexual assault of a child.[1] The trial court deferred the adjudication of Appellant's guilt and placed him on community supervision[2] for ten years. Later, the State moved to revoke Appellant's community supervision. At the hearing on the motion to adjudicate, the trial court revoked Appellant's community

---

[1]TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (West Supp. 2017).

[2]TEX. CODE CRIM. PROC. ANN. art. 42A.101 (West Supp. 2017).

supervision and adjudicated him guilty of the offense of sexual assault of a child. The trial court assessed punishment at confinement for fourteen years and imposed court costs and attorney's fees. The written judgment also includes restitution. On appeal, Appellant presents three issues. We modify and affirm.[3]

## I. *Evidence at Hearing*

The State alleged in its motion to adjudicate guilt that Appellant failed to report to his probation officer numerous times, failed to make certain payments, and failed to participate in therapy for sex offenders. Appellant pleaded "true" to the State's allegations. After the State adduced evidence in support of the allegations, the trial court found the allegations to be "true." In addition to the sentence of confinement for fourteen years, the trial court orally pronounced court costs of $60 and reimbursement of $550 to the county.[4] In the trial court's written judgment, the $60 assessed at the hearing was reflected as "court costs," and the $550 assessed was reflected as "Ct. Appt. Attorney Fees." The trial court's written judgment also recited that Appellant owed $3,750 in restitution. An "Order to Withdraw Funds" was incorporated into the trial court's judgment and sought $4,360 in "[c]ourt costs, fees and/or fines and/or restitution" from Appellant's trust account at the Texas Department of Criminal Justice.

## II. *Analysis*

In his first issue, Appellant argues that the trial court erred when it assessed his punishment for a period in excess of the confinement set forth in the deferred adjudication proceeding. In his second issue, Appellant argues that the trial court erred when it assessed court-appointed attorney's fees because he was previously

---

[3] *See* TEX. R. APP. P. 43.2(b).

[4] The trial court did not specify that the $550 was for reimbursement of attorney's fees.

determined to be indigent and there was no subsequent evidence or finding that his indigent status had changed. In his third issue, Appellant argues that the evidence is insufficient to establish the amount of restitution recited in the judgment and in the order to withdraw funds.

> A. *Issue One*: *Appellant did not object to the fourteen-year sentence in the trial court; therefore, he cannot complain about his sentence for the first time on appeal.*

Appellant argues that the punishment in the original judgment deferring the adjudication of his guilt, which stated, in part, "Ten (10) years, Texas Department of Criminal Justice, Institutional Division, probated ten (10) years," limited and capped the available sentencing range to ten years for his subsequent adjudication of guilt. The State argues that the trial court was entitled to assess punishment for any term of years specified by statute.

To preserve an error for appellate review, a defendant must demonstrate that (1) she made a timely and specific request, objection, or motion and (2) the trial judge ruled on it. TEX. R. APP. P. 33.1; *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). Appellant admits that no objection was made, but nevertheless argues that he was not required to object because the error alleged here is a "category two" right that is exempt from the preservation requirements of Rule 33.1. *See Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). Category-two rights are "not forfeitable" and "[t]he trial judge has an independent duty to implement these rights absent any request unless there is an effective express waiver." *Id.* In contrast, a category-three right is "'forfeitable' and must be requested by the litigant." *Id.*

"As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court." *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986);

*see Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002) (no preservation of error where appellant challenged the trial court's "zero tolerance" probation for the first time on appeal); *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999) (holding that the right to a separate punishment hearing after adjudication of guilt is forfeitable); *Burns v. State*, No. 11-96-241-CR, 1997 WL 33797949, at *1 (Tex. App.—Eastland Feb. 13, 1997, pet. ref'd) (not designated for publication) (concluding appellant failed to preserve error where he argued his sentence was cruel and unusual for the first time on appeal).   Our sister courts, in two unpublished opinions, have held that the right to complain about a trial court's sentence as exceeding the terms stated in a plea bargain is subject to the preservation of error requirements of Rule 33.1.  *See Cotton v. State*, No. 13-13-00012-CR, 2014 WL 3724419, at *2 (Tex. App.—Corpus Christi July 24, 2014, no pet.) (mem. op., not designated for publication); *Gasper v. State*, No. 07-99-0408-CR, 2001 WL 929994, at *1 (Tex. App.—Amarillo Aug. 16, 2001, no pet.) (not designated for publication).  In addition, a sentencing issue may be preserved "when the sentence is pronounced" or, "if the appellant did not have the opportunity to object in the punishment hearing," by a motion for new trial. *Burt v. State*, 396 S.W.3d 574, 577 & n.4 (Tex. Crim. App. 2013).

Appellant did not raise an objection when the trial court orally pronounced his sentence, and if we assume, without deciding, that he did not have the opportunity to object at sentencing, he nonetheless failed to file a motion for new trial.[5]  Consequently, Appellant failed to preserve this issue for appeal.  *See Burt*, 396 S.W.3d at 577; *see also* TEX. R. APP. P. 33.1.   However, even if we are

---

[5]Appellant argues that the alleged error in this case was not noticed within enough time for him to file a motion for new trial.  We disagree.  The trial court orally pronounced the fourteen-year sentence in the defendant's presence on December 16.   From that day, Appellant had thirty days to file his motion for new trial.  *See* TEX. R. APP. P. 21.4.

incorrect on the preservation of error issue, Appellant's argument is unpersuasive because the deferred adjudication was a completed transaction when that order was entered. *Ditto v. State*, 988 S.W.2d 236, 238 (Tex. Crim. App. 1999). Consequently, when the deferred adjudication community supervision was revoked, the trial court could sentence Appellant within the full range of punishment for the convicted offense. *Id.* at 239–40. We overrule Appellant's first issue.

B. *Issue Two: The trial court erred when it assessed attorney's fees because there was no proof or finding that Appellant was no longer indigent.*

Appellant argues that the trial court erred when it assessed attorney's fees because he was previously determined to be indigent and there was no subsequent evidence or finding that he was no longer indigent. We interpret this issue as a sufficiency of the evidence challenge since Appellant argues there is "no evidence" that his indigent status had changed or his financial situation had improved. *See Mayer v. State*, 309 S.W.3d 552, 554 (Tex. Crim. App. 2010). The State concedes that Appellant is correct.

The record reflects that the trial court had found Appellant to be indigent and appointed counsel to represent Appellant. In accordance with Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order an indigent defendant to pay court-appointed attorney's fees if the trial court determines that the defendant has financial resources that enable him to offset all or part of the costs of the legal services provided to the defendant. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2017). However, court-appointed attorney's fees cannot be assessed against a defendant who has been determined to be indigent unless there is proof and a finding by the trial court that the defendant is no longer indigent. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex.

Crim. App. 2013); *Mayer*, 309 S.W.3d at 555–56; *see* CRIM. PROC. art. 26.04(p) ("A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial resources occurs.").

In this case, the trial court found Appellant indigent but nonetheless required him to pay court-appointed attorney's fees in the amount of $550—the amount of attorney's fees that corresponded to the amount approved by the trial court for the revocation proceeding. However, the record contains no proof or finding by the trial court that Appellant was no longer indigent. Therefore, the trial court erred when it assessed $550 in court-appointed attorney's fees against Appellant. The proper remedy is to modify the judgment to remove the improperly assessed fees. *Cates*, 402 S.W.3d at 252; *see Noonkester v. State*, No. 02-14-00147-CR, 2015 WL 831421, at *3 (Tex. App.—Fort Worth Feb. 26, 2015, no pet.) (mem. op., not designated for publication) (modifying the judgment and an order to withdraw funds so as to remove improperly assessed attorney's fees). We sustain Appellant's second issue.

C. *Issue Three:  The $3,750 in restitution was not orally pronounced in Appellant's presence; therefore, it could not be assessed in the written judgment.*

Appellant argues that the evidence is insufficient to prove that he owed $3,750 in restitution. As we noted earlier, Appellant did not file a motion for new trial, which ordinarily is a requirement to preserve this error. *See Burt*, 396 S.W.3d at 574; *Idowu v. State*, 73 S.W.3d 918, 923 (Tex. Crim. App. 2002). However, although the State asserts that the restitution amount is supported by evidence, it acknowledges that the trial court failed to orally pronounce restitution as part of Appellant's sentence. As a result, the State concedes that we should modify the judgment. We agree.

6

A "sentence shall be pronounced in the defendant's presence." CRIM. PROC. art. 42.03, § 1(a). "A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement." *Alexander v. State*, 301 S.W.3d 361, 363 (Tex. App.—Fort Worth 2009, no pet.). If an "oral pronouncement of sentence and the written judgment differ, the oral pronouncement controls." *Sauceda v. State*, 309 S.W.3d 767, 769 (Tex. App.—Amarillo 2010, pet ref'd) (citing *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005); *Aguilar v. State*, 279 S.W.3d 350, 354 (Tex. App.—Austin 2007, no pet.)). For an order of restitution to be valid, it must be included in the oral pronouncement. *Sauceda*, 309 S.W.3d at 769; *see Burt v. State*, 445 S.W.3d 752, 759 (Tex. Crim. App. 2014); *Alexander*, 301 S.W.3d at 363–64.

In this case, the trial court did not orally pronounce that Appellant was required to pay $3,750 in restitution, nor was any restitution included in the original judgment deferring the adjudication of Appellant's guilt. At the conclusion of the adjudication hearing, the trial court stated, "There was no presentation of any additional sums that were owed, although it's obvious that the Defendant didn't pay," and "I don't have the totals, so I'm not assessing those." The $3,750 in restitution was then included in the written judgment for the first time. Because the trial court omitted restitution when it orally pronounced Appellant's sentence, restitution could not be assessed in the written judgment. The correct remedy is to modify the judgment to delete the order of restitution. *Sauceda*, 309 S.W.3d at 769–70; *see Creed v. State*, No. 02-16-00046-CR, 2016 WL 4474360, at *2 (Tex. App.—Fort Worth Aug. 25, 2016, no pet.) (mem. op., not designated for publication) (modifying judgment of trial court to delete improperly assessed restitution). We sustain Appellant's third issue.

7

### III. *This Court's Ruling*

We modify the judgment of the trial court to delete the court-appointed attorney's fees of $550 and the court-ordered restitution of $3,750. We reduce the amount of the order to withdraw funds by $4,300, which is the sum of $550 and $3,750. As modified, we affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

March 8, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[6]

---

[6]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.