

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00044-CR

AMANDA ROSE GRINIE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 7063, Honorable Dale A. Rabe, Presiding

August 28, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Amanda Rose Grinie, pleaded guilty to manufacture or delivery of a controlled substance[1] and received deferred adjudication community supervision. The order deferring adjudication ordered Appellant to pay $180 in restitution. Subsequently, the State moved to adjudicate Appellant's guilt. Appellant pleaded true to the alleged violations, and the trial court sentenced her to fifty years' confinement in the Institutional

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112.

Division of the Texas Department of Criminal Justice. When pronouncing sentence, the trial court did not orally impose restitution. However, the judgment includes restitution of $180. Further, the bill of costs includes restitution of $180 and charges Appellant $35 for a precept. Through two issues, Appellant contends that the judgment and bill of costs should be modified to remove the restitution ordered, and that the precept charge should be $8 instead of $35. The State concedes error and is not opposed to the relief Appellant seeks. We modify the judgment and bill of costs and affirm the judgment as modified.

## ANALYSIS

This Court has the power to modify an incorrect judgment when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27−28 (Tex. Crim. App. 1993) (en banc). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *See Asberry v. State*, 813 S.W.2d 526, 529−30 (Tex. App.—Dallas 1991, pet. ref'd). Similarly, a defendant may raise a claim challenging the bases of the assessed court costs for the first time on appeal when those costs are not imposed in open court and the written judgment does not contain an itemization of imposed costs. *See London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016).

Oral Pronouncement of Restitution Required

By her first issue, Appellant contends that the $180 restitution imposed on her should be removed from the judgment and bill of costs because the trial court did not orally pronounce restitution when imposing sentence. Restitution is punitive in nature

2

and must be included in the oral pronouncement of a sentence.  *See Weir v. State*, 278 S.W.3d 364, 366−67 (Tex. Crim. App. 2009); *Ex Parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006) ("restitution is punishment").  A judgment adjudicating guilt sets aside an order deferring adjudication of guilt, including any previously imposed fines or restitution.  *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004).  In this case, the trial court did not orally pronounce a restitution order when adjudicating Appellant's guilt.  Thus, restitution is not a part of Appellant's sentence.  *Id.*  We sustain Appellant's first issue.  Accordingly, we modify the judgment to remove the $180 restitution order and modify the bill of costs to remove the $180 restitution.  *See Sauceda v. State*, 309 S.W.3d 767, 769 (Tex. App.—Amarillo 2010, pet. ref'd) (when restitution not orally pronounced as part of sentence, proper remedy is to modify judgment to delete restitution order).

Assessment of Costs

In her second issue, Appellant contends that the bill of costs should be modified to reflect an $8 charge for a precept rather than $35.  While court costs are mandatory under article 42.16 of the Texas Code of Criminal Procedure, courts may only impose costs that are statutorily authorized.  *See* TEX. CODE CRIM. PROC. ANN. arts. 42.16, 103.002; *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014).  The Texas Government Code authorizes an $8 fee for issuing subpoenas and writs, which we interpret to include precepts.  TEX. GOV'T CODE ANN. § 51.318(b)(1−2); *Peaden v. State*, No. 07-24-00045-CR, 2024 Tex. App. LEXIS 5965, at *3 (Tex. App.—Amarillo, Aug. 19, 2024, no pet.) (mem. op., not designated for publication).  We sustain Appellant's second issue.

Because the bill of costs states a charge of $35 for issuing a precept, we modify it to reflect an $8 charge.

## REFORMATION OF JUDGMENT AND BILL OF COSTS

The trial court is ordered to prepare and file a corrected judgment reflecting reformation consistent with this opinion, and the district court clerk is ordered to prepare a corrected bill of costs and provide a copy of the bill of costs and judgment to Appellant, the Texas Department of Criminal Justice, and this Court.

## CONCLUSION

Having sustained Appellant's issues, we affirm the trial court's judgment as modified.

Judy C. Parker
Justice

Do not publish.