

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00495-CR

———————————————

RANDLE JACK GOODRUM JR., Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CR24090

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Randle Jack Goodrum Jr. appeals his conviction for driving while intoxicated (DWI) with two or more prior convictions. Raising four points, Goodrum argues (1) that the evidence is insufficient to show that he was intoxicated as defined in the Penal Code; (2) that he was "stripped . . . of his right[s] to [the] presumption of innocence and a fair . . . trial" by a police officer's testimony that the presiding trial judge was the same judge who had signed the warrant for his blood draw because this testimony was tantamount to the trial judge's making an improper comment on the weight of the evidence; (3) that the State's expert witness's testimony regarding the number of drinks that Goodrum would have had to consume for his blood–alcohol concentration to reach the level reflected in the toxicology report was "inadmissible, not reliable, and was more prejudicial than probative"; and (4) that the trial court erred by ordering him to "contribute to the cost of the legal services and related expenses" incurred in connection with his appeal because the record contains no evidence showing that he has the financial resources to do so. Overruling Goodrum's first three points, we affirm the trial court's judgment of conviction. Sustaining his fourth point, we modify the trial court's Amended Order Appointing Counsel for Appeal to delete the portion requiring Goodrum to contribute to the payment of his appointed appellate counsel's fees and expenses, and we affirm the order as modified.

# I. BACKGROUND

After the Bridgeport Police Department received a nonemergency call about a reckless driver in a silver Nissan Armada heading northbound on Chico Highway, Sergeant Cody Barlow was dispatched to the area. He observed the Armada traveling over the posted speed limit and initiated a traffic stop.

During the stop, Sergeant Barlow noticed that the driver—later identified as Goodrum—had "bloodshot, glassy, watery eyes." He also "detect[ed] the strong odor of alcohol coming from the vehicle" and "observed two beer cans sitting in the [vehicle's] center console." When Sergeant Barlow asked Goodrum if he had had anything to drink, he responded with a non sequitur: "I'm good, sir." And when asked where he was going, Goodrum stated that he was on his way "[t]o visit his ex and his four[-]year-old son" even though it was approximately 2:46 a.m.

Because he suspected that Goodrum might be intoxicated, Sergeant Barlow asked him to step out of his vehicle for standard field-sobriety testing. Sergeant Barlow noted in his report that Goodrum's balance was "swayed" as he exited his vehicle and began walking toward Sergeant Barlow's patrol unit. Sergeant Barlow conducted the horizontal-gaze-nystagmus test and observed all six possible clues of intoxication. He also attempted to conduct the walk-and-turn test, but he was unable to do so because Goodrum "was extremely uncooperative." Ultimately, Sergeant Barlow placed Goodrum under arrest for DWI.

After the arrest, Sergeant Barlow obtained a warrant authorizing a blood draw. Goodrum was transported to a health center where a blood sample was taken. Forensic analysis of the blood sample revealed that Goodrum's blood–alcohol concentration level was 0.161 plus or minus 0.009 grams of alcohol per 100 milliliters of blood, which exceeded the legal limit of 0.08. *See* Tex. Penal Code § 49.01(2)(B).

A grand jury indicted Goodrum for DWI with two or more prior convictions, a third-degree felony.[1] *See id.* §§ 49.04, 49.09(b)(2). Goodrum pleaded not guilty, and after considering all the evidence, a jury found him guilty. Following a bench trial on punishment, Goodrum was sentenced to ten years in prison.[2] This appeal followed.

## II. DISCUSSION

### A. Sufficiency of the Evidence

In his first point, Goodrum contends that the State's evidence of intoxication is insufficient. We disagree.

#### 1. Standard of Review

In our evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found

---

[1]The indictment included a deadly-weapon allegation, but the State waived this allegation before trial.

[2]Prior to trial, the State filed a notice informing Goodrum that it intended to enhance the punishment range of his charged DWI offense from that of a third-degree felony to that of a second-degree felony based on a prior felony conviction. *See* Tex. Penal Code § 12.42(a). Goodrum pleaded "true" to the enhancement paragraph at the start of the trial's punishment phase.

the challenged essential element beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017); *Stephenson v. State*, 673 S.W.3d 370, 384 (Tex. App.—Fort Worth 2023, pet. ref'd). This standard gives full play to the factfinder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Harrell v. State*, 620 S.W.3d 910, 914 (Tex. Crim. App. 2021).

The factfinder alone judges the evidence's weight and credibility. *See* Tex. Code Crim. Proc. art. 38.04; *Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021). We may not re-evaluate the evidence's weight and credibility and substitute our judgment for the factfinder's. *Queeman*, 520 S.W.3d at 622. Instead, we determine whether the necessary inferences are reasonable based on the evidence's cumulative force when viewed in the light most favorable to the verdict. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018); *see Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017) ("The court conducting a sufficiency review must not engage in a 'divide and conquer' strategy but must consider the cumulative force of all the evidence."). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we must defer to that resolution. *Braughton*, 569 S.W.3d at 608.

To determine whether the State has met its burden to prove a defendant's guilt beyond a reasonable doubt, we compare the crime's elements as defined by a

hypothetically correct jury charge to the evidence adduced at trial. *Hammack v. State*, 622 S.W.3d 910, 914 (Tex. Crim. App. 2021); *see also Febus v. State*, 542 S.W.3d 568, 572 (Tex. Crim. App. 2018) ("The essential elements of an offense are determined by state law."). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Hammack*, 622 S.W.3d at 914. The law as authorized by the indictment means the statutory elements of the offense as modified by the charging instrument's allegations. *Curlee v. State*, 620 S.W.3d 767, 778 (Tex. Crim. App. 2021); *see Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014) ("When the State pleads a specific element of a penal offense that has statutory alternatives for that element, the sufficiency of the evidence will be measured by the element that was actually pleaded, and not any alternative statutory elements.").

### 2. Applicable Law

A person commits a misdemeanor DWI offense if he is "intoxicated while operating a motor vehicle in a public place." Tex. Penal Code § 49.04(a). DWI is elevated to a third-degree felony if the person has two prior DWI convictions. *Id.* § 49.09(b)(2).

The Penal Code defines "intoxicated" as either (1) "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those

6

substances, or any other substance into the body" or (2) "having an alcohol concentration of 0.08 or more." *Id.* § 49.01(2). "The first definition is the 'impairment' theory, while the second is the 'per se' theory," and these theories are not mutually exclusive. *Kirsch v. State*, 306 S.W.3d 738, 743 (Tex. Crim. App. 2010). Evidence that a person is intoxicated because the person did not have "normal use of mental or physical faculties by reason of the introduction of alcohol" may be established through a lay witness's testimony. *See Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. [Panel Op.] 1979) (holding that law enforcement officer's testimony about his observations of defendant's driving, physical appearance, post-driving behavior, and his conclusion of intoxication was sufficient); *Zill v. State*, 355 S.W.3d 778, 785–86 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (stating that "[t]he testimony of a police officer regarding the defendant's behavior and the officer's opinion that the defendant is intoxicated provides sufficient support to uphold a jury verdict").

Evidence that supports an inference of intoxication includes a defendant's inability to perform field-sobriety tests or to follow directions, slurred speech, unsteady balance, and the odor of alcohol on the defendant's breath. *See Kirsch*, 306 S.W.3d at 746; *Zill*, 355 S.W.3d at 785–86. Because it reflects a consciousness of guilt, a defendant's refusal to perform a field-sobriety test can also be considered evidence of intoxication. *See Johnson v. State*, 09-15-00056-CR, 2017 WL 218269, at *2 (Tex. App.—Beaumont Jan. 18, 2017, no pet.) (mem. op., not designated for publication)

7

(citing *Maxwell v. State*, 253 S.W.3d 309, 314 (Tex. App.—Fort Worth 2008, pet. ref'd)); *Hall v. State*, No. 14-10-00267-CR, 2011 WL 2150195, at *3 (Tex. App.—Houston [14th Dist.] June 2, 2011, no pet.) (mem. op., not designated for publication) (citing *Bartlett v. State*, 270 S.W.3d 147, 153 n.20 (Tex. Crim. App. 2008)).

For the evidence to be sufficient to support a DWI conviction, a "temporal link" must exist between the defendant's intoxication and his driving. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). "This temporal link may be established by circumstantial evidence." *Kinnett v. State*, 623 S.W.3d 876, 897–98 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) (citing *Kuciemba*, 310 S.W.3d at 462).

### 3. Analysis

Here, the State presented ample evidence of Goodrum's intoxication. Sergeant Barlow testified that when he pulled Goodrum over, he had "bloodshot, glassy, watery eyes," his vehicle smelled of alcohol, and there were two beer cans in his vehicle's center console. He also testified that Goodrum failed the horizontal-gaze-nystagmus test and refused to participate in additional field-sobriety tests, and he noted in his report that Goodrum's balance was swayed. Additionally, the State offered evidence showing that Goodrum's blood–alcohol concentration level was well above the legal limit.

Despite this substantial evidence, Goodrum argues that no rational factfinder could have found that he was intoxicated because (1) he did not appear to be swaying on Sergeant Barlow's body-camera footage while undergoing the horizontal-gaze-

8

nystagmus test and arguing about taking other field-sobriety tests and (2) the State failed to offer evidence of a retrograde extrapolation concerning the blood-test results. But because Goodrum's contention that he was not swaying on the body-camera footage—even if true—goes only to the weight and credibility of Sergeant Barlow's testimony that Goodrum's balance was swayed, it is not germane to our evidentiary-sufficiency analysis. *See Diaz v. State*, No. 2-08-261-CR, 2010 WL 395187, at *2 (Tex. App.—Fort Worth Feb. 4, 2010, pet. ref'd) (mem. op., not designated for publication) (per curiam) (first citing *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008); and then citing *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999)); *see also Queeman*, 520 S.W.3d at 622. The jury watched the body-camera footage and nevertheless found that Goodrum was intoxicated, and we may not reweigh the evidence as part of our evidentiary-sufficiency review. *See Queeman*, 520 S.W.3d at 622; *see also Russell v. State*, 290 S.W.3d 387, 397 (Tex. App.—Beaumont 2009, no pet.) (holding that a jury could draw its own conclusions from observing the defendant's behavior in the video of the traffic stop and decide whether he appeared intoxicated). As for the lack of retrograde-extrapolation evidence—which is used to estimate what a defendant's blood–alcohol concentration was at a previous point in time before the blood draw, *see Kinnett*, 623 S.W.3d at 888—the Texas Court of Criminal Appeals has recognized that blood–alcohol test results "are often highly probative to prove both per se and impairment intoxication" even in the absence of such evidence, *Kirsch*, 306 S.W.3d at 745; *accord Kinnett*, 623 S.W.3d at 900.

9

Accordingly, given the other evidence of Goodrum's intoxication, we cannot conclude that the lack of retrograde-extrapolation evidence would preclude a rational factfinder from determining that he committed the charged DWI offense. *See Kirsch*, 306 S.W.3d at 745.

Because the evidence—when viewed in the light most favorable to the verdict—is sufficient to show that Goodrum was intoxicated, we overrule his first point. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman*, 520 S.W.3d at 622; *Diaz*, 2010 WL 395187, at *3.

## B. Comment on the Weight of the Evidence

In his second point, Goodrum contends that Sergeant Barlow's testimony that the judge overseeing his trial was the same judge who signed the warrant for the blood draw was tantamount to the trial court's making an improper comment on the weight of the evidence and therefore "stripped [him] of his right[s] to [the] presumption of innocence [and] to a fair trial." But Goodrum failed to preserve this complaint for our review.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Dixon v. State*, 595 S.W.3d 216,

10

223 (Tex. Crim. App. 2020). A party's failure to timely object generally forfeits all error unless the statement is so prejudicial that no instruction could have cured the harm. *Davis v. State*, 177 S.W.3d 355, 363 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

"The contemporaneous[-]objection requirement encompasses improper comments by the trial court on the weight of the evidence." *Peavey v. State*, 248 S.W.3d 455, 470 (Tex. App.—Austin 2008, pet. ref'd) (citing *Mestiza v. State*, 923 S.W.2d 720, 724, 726 (Tex. App.—Corpus Christi 1996, no pet.)). Therefore, if a party fails to object to the trial court's improper comment on the weight of the evidence, the error is not preserved for appeal. *See id.*; *see also Jeffress v. State*, No. 02-10-00492-CR, 2012 WL 503567, at *4 (Tex. App.—Fort Worth Feb. 16, 2012, no pet.) (mem. op., not designated for publication) (per curiam) (holding that appellant had failed to preserve complaint that trial court had improperly commented on the weight of the evidence by instructing her trial counsel to apologize to the prosecutor in front of the jury because she had not objected to the trial court's instruction); *Tatum v. State*, No. 12-01-00137-CR, 2002 WL 657133, at *2 (Tex. App.—Tyler Apr. 12, 2002, pet. ref'd) (not designated for publication) (holding that appellant had failed to preserve complaint that trial court had improperly commented on the weight of the

evidence by questioning certain testimony's relevance because he had not timely objected on this basis).[3]

Here, Goodrum concedes that he did not object to the testimony giving rise to his improper-comment-on-the-weight-of-the-evidence complaint.[4] Accordingly, this complaint is not preserved for our review. *See Jeffress*, 2012 WL 503567, at *4; *Peavey*, 248 S.W.3d at 470; *Tatum*, 2002 WL 657133, at *2.

We overrule Goodrum's second point.

---

[3]Goodrum argues that Sergeant Barlow's complained-of testimony constituted fundamental error and therefore required no objection. Given the authorities cited above, we reject that argument.

[4]Goodrum alternatively argues that his trial counsel was ineffective for failing to object to the complained-of testimony. To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that his counsel's representation was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). An ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Here, the record is silent as to Goodrum's counsel's reasons for not objecting. Because Goodrum's trial counsel may have had a strategic reason for deciding not to object—such as to avoid drawing additional attention to the complained-of testimony—we cannot conclude that his counsel's performance was deficient. *See Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) ("When . . . direct evidence is not available, we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined."); *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984) (reasoning that an isolated failure to object to improper evidence does not constitute ineffective assistance); *Bryant v. State*, 282 S.W.3d 156, 169 (Tex. App.—Texarkana 2009, pet. ref'd) (explaining that trial counsel "might have reasonably chosen to not object so as not to bring any additional attention to [the] damaging testimony").

## C. Evidentiary Complaint

In his third point, Goodrum contends that the trial court abused its discretion by allowing the State's expert witness to testify regarding the number of drinks that Goodrum would have had to consume for his blood–alcohol concentration to reach the level reflected in the toxicology report. According to Goodrum, this expert testimony was irrelevant, unreliable for purposes of Rule 702, and inadmissible under Rule 403 because its probative value was substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 401, 403, 702, 705(c). But Goodrum failed to preserve this evidentiary complaint for our review.

To preserve an evidentiary complaint for appellate review, a party must make a "timely request, objection, or motion" to the trial court that "state[s] the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex. R. App. P. 33.1(a); *see Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005) (quoting Rule 33.1(a) and describing it as "a prerequisite to presenting a complaint for appellate review"). If the party's appellate rationale for the exclusion of evidence differs from the one it presented to the trial court such that "the trial judge 'never had the opportunity to rule upon' th[e appellate] rationale," then the complaint has not been preserved for review. *Reyna*, 168 S.W.3d at 179 (quoting *Clark v. State*, 881 S.W.2d 682, 694 (Tex. Crim. App. 1994)); *see Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("Whether a party's particular

13

complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial.").

Here, Goodrum's only objection to the complained-of expert testimony was that it called for "speculation." This objection was insufficient to preserve Goodrum's appellate arguments that the testimony was irrelevant, unreliable, and more prejudicial than probative. *See Reyna*, 168 S.W.3d at 179; *see also Sartin v. State*, 680 S.W.3d 663, 673 (Tex. App.—Beaumont 2023, no pet.) (holding that appellant's speculation objection did not preserve her Rule 403 complaint for review); *Dominguez v. State*, 474 S.W.3d 688, 700 (Tex. App.—Eastland 2013, no pet.) (holding that appellant's Rule 702 challenge to expert testimony was not preserved by an objection to testimony as "speculative"); *Texas Mut. Ins. Co. v. Durst*, No. 04-07-00862-CV, 2009 WL 490056, at *2 (Tex. App.—San Antonio Feb. 25, 2009, no pet.) (mem. op.) (holding that appellate issue challenging admission of evidence based on a lack of relevance had not been preserved because appellant had objected only on speculation and lack-of-personal-knowledge grounds). Accordingly, nothing is preserved for our review.

We overrule Goodrum's third point.

## D. Contribution to Cost of Appointed Appellate Counsel

In his fourth point, Goodrum contends that the trial court erred by ordering that he must "contribute to the cost of the legal services and related expenses" incurred by his court-appointed appellate counsel. We agree.

14

If a trial court determines that a defendant has the financial resources to offset—in whole or in part—the cost of the legal services provided to him, the court shall order him to pay for those services to the extent that he is able. *See* Tex. Code Crim. Proc. art. 26.05(g); *Sauceda v. State*, 309 S.W.3d 767, 770 (Tex. App.—Amarillo 2010, no pet.). Before a trial court may order a defendant to contribute to the cost of the legal services provided by his court-appointed counsel, it must first find that the defendant has the ability to pay based on supporting evidence. *See Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (holding that a "defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees"); *Scott v. State*, No. 02-19-00283-CR, 2019 WL 6767813, at *2 (Tex. App.—Fort Worth Dec. 12, 2019, no pet.) (mem. op., not designated for publication) ("The record must reflect some factual basis to support the trial court's determination regarding the defendant's ability to pay." (citing *Wolfe v. State*, 377 S.W.3d 141, 144 (Tex. App.—Amarillo 2012, no pet.))).

In the present case, Goodrum did not request the appointment of trial counsel and instead retained his own attorney. Following Goodrum's conviction, the trial court signed an order appointing his non-court-appointed trial attorney as his appellate counsel. The order stated that Goodrum "[was] to contribute to the cost of the legal services and related expenses" pertaining to his appeal.

After Goodrum's attorney filed a motion to withdraw "[d]ue to an [i]rreconcilable [c]onflict," we abated the appeal and remanded the case to the trial court so that it could determine, among other things, whether Goodrum was indigent and whether new appellate counsel should be appointed to represent him. Following a hearing, the trial court found that Goodrum was indigent and appointed new appellate counsel. But like the first order appointing appellate counsel, the order appointing replacement counsel provided that Goodrum "[was] to contribute to the cost of the legal services and related expenses" pertaining to his appeal.

As previously noted, a trial court can order a defendant to contribute to the costs of the legal services provided by his court-appointed attorney only if it finds that he is capable of doing so based on supporting evidence. *See Armstrong*, 340 S.W.3d at 765–66; *Scott*, 2019 WL 6767813, at *2; *Wolfe*, 377 S.W.3d at 144. Here, the trial court found the exact opposite—that Goodrum was indigent. *See, e.g.*, *Trammell v. State*, 287 S.W.3d 336, 343 (Tex. App.—Fort Worth 2009, no pet.) (noting that an "indigent defendant" is "one that is not financially able to employ counsel"). Accordingly, we conclude that the trial court erred by ordering Goodrum to contribute to the costs of the legal services provided by his appellate counsel.

We thus sustain Goodrum's fourth point and modify the trial court's Amended Order Appointing Counsel for Appeal to delete the portion requiring Goodrum to contribute to the payment of his appointed appellate counsel's fees and expenses, and affirm the order as modified. *See Scott*, 2019 WL 6767813, at *2 ("When insufficient

16

evidence supports a trial court's ordering of reimbursement of attorney's fees, the appropriate appellate remedy is to modify the trial court's order to delete the reimbursement of attorney's fees.").

### III. CONCLUSION

Having overruled Goodrum's first three points, we affirm the trial court's judgment of conviction. Having sustained Goodrum's fourth point, we modify the trial court's Amended Order Appointing Counsel for Appeal to delete the portion requiring Goodrum to contribute to the payment of his appointed appellate counsel's fees and expenses, and we affirm the order as modified.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 4, 2026